Newell v. Hayden.

---

## NEWELL v. HAYDEN.

In an action of replevin, where the residence of the plaintiff becomes material, it may be proved without a specific allegation to that effect in the petition.

Where property is replevied from an officer, on the ground that it was exempt from execution; and it is sought to show that the plaintiff is a non-resident of the State, and not entitled to the exemption, such defense should be set up by the defendant, rather than rebutted in the first instance, by the plaintiff.

The exemption of property from execution relates to the remedy, and is

Newell v. Hayden.

governed by the law of the place where the contract is sought to be en-
forced, instead of the *lex loci contractus*.

Where, in an action of replevin to recover the possession of a mare, claimed
to be exempt from execution, after the plaintiff had offered evidence of
his residence in this state, the defendant offered to prove that the mare
was sold by L. & L., of Chicago, Illinois, to N. & Co., of which firm
plaintiff was a member; that plaintiff then resided in Illinois; that in
consideration of the sale of said mare, N. & Co. made their note to L. &
L., which note was executed and payable in Illinois; that by the law of
that state, the mare was not exempt from execution; that soon after the
making of the note, the plaintiff, without the knowledge of L. & L., ab-
sconded from said state with said property, and came to Dubuque, in
Iowa, where he was pursued by L. & L., who, to collect said note, sued
out a writ of attachment against N. & Co.; and that, under the said writ,
the mare was attached, which evidence was rejected; *Held,* 1. The
pleadings did not present the issue of fraud. 2. That the evidence was
properly rejected.

*Appeal from the Dubuque District Court.*

FRIDAY, APRIL 8.

REPLEVIN for a mare and set of harness, claimed as ex-
empt from execution. The answer, after denying the alle-
gations in the petition, sets up that the mare was sold by
Loomis & Lewis, of Chicago, Illinois, to Newell & Co., (of
which last firm the plaintiff was a member); that plaintiff
then resided in Illinois; that in consideration of the sale of
said mare, Newell & Co. made their note to said Loomis &
Lewis, which note was executed and payable in Illinois; that
by the laws of that state, (the parts relied on being set out in
words in the answer), the said mare was not exempt from
execution; that soon after making this note, said plaintiff,
without the knowledge of L. & L., absconded from said state
with said property, and came to Dubuque, in Iowa, where
he was pursued by L. & L., who, to collect said note, sued
out a writ of attachment against Newell & Co., which was
delivered to defendant, as sheriff of Dubuque county, by
virtue of which he seized the property in controversy,
which seizure, it is alleged, is the taking and detention com-

plained of. All of these averments are denied by the replication. On the trial, certain testimony was objected to, and admitted, as will appear from the opinion. A verdict was rendered for plaintiff, subject to the opinion of the court as to whether, (upon a motion for a new trial), defendant was entitled to prove the allegations in the answer, that the property was purchased in Illinois, and that the same was not exempt from execution by the laws of that state, as also the absconding of the plaintiff, and the pursuing of him by the attaching creditors. Motion for a new trial overruled, and judgment on the verdict. Defendant appeals.

*W. S. Jennings*, for the appellant.

*Vandever & Friend*, for the appellee.

WRIGHT, C. J.—This case is submitted without argument or brief, and we have nothing to guide us to the position assumed by appellant, but the assignment of errors. This assignment may be reduced to two points :

*First.* That there was error in admitting, against defendant's objection, evidence of the residence of plaintiff.

*Second.* In rejecting the defendant's evidence in support of his answer, as in avoidance of plaintiff's action.

The objection to the evidence was based upon the ground that plaintiff had not in his petition averred that he was a resident of this state, and therefore could not prove it.

The law requires that the petitioner in an action of replevin, shall state that the property is wrongfully detained by the defendant; that the plaintiff is entitled to the present possession thereof; and that it was not taken from him by any legal process, or if so taken, that it was exempt from seizure by such process. The alleged cause of detention, according to the best knowledge and belief of plaintiff, must also be stated, as well as the value of the property. Code, section 1995. The petition in this case makes every averment required by law. It is not stated, however,

that said plaintiff was at the time of the seizure a resident of the state. Nor was such an averment necessary. It is true, that if he was a non-resident, he was not entitled to the benefit of the exception. Section 1902. But such non-residence would be a ground of defense to be set up by defendant, rather than to be rebutted in the first instance by the petitioner. Section 2519. We do not wish to be understood as saying that plaintiff should not be held to prove his residence, but that if his petition contains what is required by section 1995, it is sufficient to admit such proof, without a specific allegation to that effect. Upon the principle involved, see *Prindle* v. *Caruthers*, 1 Smith, (N. Y.), 425 ; *People* v. *Ryder*, 2 Kernan, 433.

We are left to conjecture the grounds assumed by the appellant under the second assignment of errors. The leading thought, judging from the answer and bill of exceptions, would seem to have been that as the property was not exempt under the laws of Illinois, where the contract was made and payable, it could not be in this state, where a different law prevails; or, in other words, that the *lex loci contractus*, and not the *lex fori*, must govern. We think, however, that there can be no doubt but that the exemption relates to the remedy, and must be governed by the law of the latter. *Helfenstein & Gore* v. *Cave*, 3 Iowa, 287; 2 Story's Eq. Jur., secs. 556 to 577.

If the argument is suggested, that the property was purchased; that the plaintiff obtained it from the firm of which he was a member, and absconded from Illinois, with the intention to perpetrate a fraud upon the plaintiffs in the attachment suit; that if so, the property was not his, but liable to the process ; and that defendant should for the purpose of establishing this fraud, have been permitted to prove the special matter set up in his answer; we say, if this be the ground assumed by defendant, the reply is, that his answer sets up no such defense. Fraud is nowhere averred or pretended. No such issue is presented.

Judgment affirmed.