## DANIELS & Co. v. CLARK.

1. **Garnishment**: INTERVENTION: PRACTICE. In an action before a Justice, C. was duly garnished and answered that he was indebted to the defendant R., who replied that the debt was due his wife. Judgment was rendered for plaintiff, and R. appealed. In the Circuit Court W. and A. were permitted to file a petition of intervention, claiming that R. had sold and assigned them the debt due from C. *Held*:

    1. That the petition of intervention was properly filed, (Sec. 3237 of the Revision; Sec. 3016 of the Code.)

    2. That the failure of the garnishee to appeal would not affirm the judgment of the Justice.

2. ———: PARTIES. The plaintiff in garnishment proceedings stands in the same relation to the garnishee as the defendant in the principal action.

3. ———: ASSIGNMENT. Where the defendant appeals from a judgment against a garnishee, and an assignee of the debt from the defendant files a petition of intervention claiming the same, such petition is sufficient notice to the garnishee of the assignment.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, JUNE 17.

ON the 29th day of March, 1872, executions were issued by G. W. Dodder, J. P., in Johnson County in favor of the plaintiff against William Reninger, upon which said John H. Clark was, on the 1st day of April, 1872, duly garnished as a debtor of said William Reninger, and required to appear and answer as such, on the 25th of April.

The garnishee answered that he was indebted to William Reninger in the sum of $295.00, for feeding cattle under a written contract.

William Reninger filed a reply to this answer denying that the garnishee Clark was indebted to him in the sum of $295, and alleging that said sum was due his wife, Mary Reninger.

Upon the hearing the justice rendered judgment against said garnishee in favor of plaintiffs, for $111.75 and costs. From this judgment William Reninger appealed. In the Circuit Court, Barbara Weaver and T. C. Carson were permitted, against the objection of plaintiffs, to file a petition of intervention, in which they alleged that on the 2d day of January, 1871, William Reninger being indebted to them in the sum of $1,016, sold and assigned to them all his right, title, and interest in the claim against John H. Clark, garnishee, for feeding the cattle spoken of in the garnishee's answer, and that the indebtedness of Clark belongs to them.

Plaintiffs filed a denial of the petition of intervention. The intervenors offered in evidence, subject to all objections as to its competency, a chattel mortgage in consideration of $1,100, executed by Mary and Willian Reninger to said intervenors upon various articles of personal property and the claim in question against Clark for feeding the cattle, mentioned in his answer. The cause was tried by the court who found that the garnishee is indebted to William Reninger in the sum of $295 and that the intervenors are entitled to said sum. Plaintiffs excepted and appeal.

*Clark & Haddock*, for appellants.

*Boal & Jackson, Cornell & Bro.*, and *Ira J. Alder*, for appellees.

Day, J.—I. It is claimed that the petition of intervention should not have been allowed, and that the judgment of the justice should have been affirmed, upon the ground that the garnishee did not appeal.

We believe this view to be unsound. In this case there was

no question as to the indebtedness, nor as to the amount of the indebtedness, for the keeping of the cattle. The garnishee admitted it to be $295, and neither the plaintiffs nor Reninger claimed it to be more. The whole controversy was respecting the party to whom this claim was due. The proceeding was in the nature of an action *in rem*. The decision of the justice determined that the plaintiffs were entitled to the property, and this, so long as unappealed from, determined the rights of the plaintiffs, and the liability of the garnishee. But when Reninger appealed from this judgment it became suspended. Plaintiffs could not enforce it; the garnishee could not safely discharge it. The liability which had been fixed, was now undetermined. Another adjudication became necessary in order to settle the liability of the garnishee. It will not do to say that the garnishee was not in court, constructively, and subject to the orders which might be made. If upon Reninger's answer it had been determined that the garnishee was liable to Mary Reninger, there can be no question that he would have been bound by such adjudication. If so, it must be admitted that the question as to whom the garnishee was liable, was opened up by the appeal, and became a proper subject of further inquiry. True, if no further pleading had been filed upon appeal, the only question would have been whether the garnishee owed the debt to Wm. Reninger or to Mary Reninger. But inasmuch as the debt due from the garnishee had not been paid over to the plaintiffs, and the right of the plaintiffs to it was undetermined, we have no doubt of the right of the intervenors to interpose and assert their claim to the debt. The right is directly conferred by § 3237 of the Revision, § 3016 of the Code.

This section provides that any person, other than the defendant, may, before the payment to the plaintiff of the proceeds of any attached debt, present his petition verified by oath, to the court, stating a claim to the property or money, or to an interest in or a lien on it under any other attachment or otherwise, and setting forth the facts upon which such claim is

1. GARNISH-MENT: intervention: practice.

founded. The court did not we think err, in permitting the intervenors' petition to be filed.

II. It is further urged that the mortgage of a debt due from a third person is not a recordable instrument, and the record thereof did not affect the plaintiffs or the garnishee 2.——: par-  with constructive notice. We deem it unnesessary ties.  to determine this question. The debt was assignable, and the mortgage effected an assignment of it to the intervenors. This was done long before Clark was garnished as the debtor of Reninger.

The plaintiff occupies, as against the garnishee, the position of the defendant, with no more rights than the defendant had, and liable to be met by any defense, which the garnishee might make against an action by the defendant. Drake on attachment, Section 452, and cases cited. At the time this garnishment was served, whatever interest Reninger had in the debt was subject to the claim or lien of the intervenors. Plaintiffs succeeded to it subject to the same lien. The gar- 3.——: ——.  nishee was entitled to notice of the assignment assignment.  before his liability became absolute to the plaintiffs by an adjudication, for he is not to be placed in a position to incur a double liability, unless by his own neglect. But the effect of the appeal was, as we have seen, to suspend the judgment against the garnishee. If he had then been notified of the assignment he might have appeared in the appellate court, and by supplemental answer, have presented this fact as a reason why he should not be held liable to plaintiffs. But the petition of intervention has the same effect. It enables the court to determine who is entitled to the sum owing by the garnishee, and to fully protect him from further liability. This view, we believe, determines all the questions urged by appellant. We see no error in the action of the Circuit Court.

AFFIRMED.