## WILLIAMS vs. RIVERCOMB, et al.

EXEMPTION:  *What law governs as to wife's debt dum sola.*

A married in 1870, his wife owed a debt which was contracted in 1866, upon which judgment was recovered against both of them: Held, that as to the husband the debt was contracted at the date of the marriage, and he was entitled to the benefit of the exemption law then in force, while the exemptions of the wife, as to her separate property, would be governed by the law in force at the time she contracted the debt.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*J. D. Walker*, for appellant.

No counsel for appellee.

ENGLISH, CH. J.:

On the 6th of August, 1874, Robert R. Williams brought replevin, in the Washington Circuit Court, against George Rivercomb, William McIllroy and Joseph Williams, for 129 bushels of wheat, a black sow, eight shoats, five pork hogs, a white cow and calf, two heifers, and a bay horse mule.

The defendant McIllroy filed a separate answer of two paragraphs, controverting plaintiff's right to possession of the property, and denying its unlawful detention.

The defendants, Rivercomb and Joseph Williams, filed a joint answer of two paragraphs, the first denying plaintiff's right to possession of the property, and the second in substance:

That the property sued for was, by defendant Rivercomb, as deputy sheriff of Washington County, levied upon and taken into possession, by virtue of a writ of execution against plaintiff and Rachel Williams, in favor of said William McIllroy, issued by the Clerk of the Circuit Court of Washington County, directed to the sheriff of said county, and that said property, at the time the same was so levied on, was subject to seizure and sale for the satisfaction of said execution.

The cause was submitted to the court, sitting as a jury, upon an agreed statement of facts, as follows:

"That the property in controversy, at the time of the levy of McIllroy's execution thereon in 1874, belonged to plaintiff. That the wife of plaintiff, in 1866 (when *sole*) was indebted to defendant McIllroy; and that in 1870 she married the plaintiff Williams, and that thereafter judgment was obtained against her and Williams, her husband, and execution issued and levied on the property in controversy; and that by virtue of such levy the property was taken into the possession of defendants before the commencement of the suit, and advertised for sale. That plaintiff filed his schedule in proper form, and within the time required by law, claiming the property to be exempt from execution and sale under the Constitution of 1868, and the law framed in conformity thereto. And that Williams (plaintiff) is entitled to a recovery herein, if he was entitled by law to schedule, and claim exemption under the Constitution of 1868, and the laws enacted since that time. That if the exemption laws previous to the Constitution of 1868, alone are applicable in the collection of such judgments, defendants are entitled to recover. That the property is of the value specified in the affidavit of plaintiff for replevin, to-wit:   $214.25."

The plaintiff asked the court to declare the law to be that he was entitled to schedule, and claim the property to be exempt from execution under the Constitution of 1868, and the laws framed in conformity thereto, but the court refused so to declare the law.

Plaintiffs also asked the court to declare, that upon the facts, he was entitled to recover, which the court refused.

The court declared the law to be for the defendants, and found the issues in their favor.

Plaintiff moved for a new trial, which was overruled, and final judgment rendered against him, and he took a bill of exceptions, and appealed.

By section 1, article 12, Constitution of 1868: "The personal property of any resident of this State, to the value of $2,000, to be selected by such resident, shall be exempt from sale on execution or other final process of any court, issued for the collection of any debt, contracted after the adoption of this Constitution."

The act of March 28th, 1871, provided for the scheduling of property claimed to be exempted from execution, etc. Gantt's Digest, sections 2635 to 2642.

The wife of appellant, when a *femme sole,* contracted the debt (by note it seems) in the year 1866. Had she never married appellant, and had judgment been obtained against her, after the adoption of the Constitution of 1868, execution issued, and levied on her goods, she could not have claimed the benefit of the exemption, because she contracted the debt before the adoption of the Constitution.

Moreover, judgment having been taken against her and appellant, after their marriage in 1870, and execution issued against both of them, had her separate property been levied upon, as it might have been, if she had any, she could not have claimed

the benefit of the exemption, because the debt was contracted by her before the adoption of the Constitution of 1868. 2 Bishop's Law of Married Women, section 52.

But the appellant was in no way liable upon the debt until he married the woman who contracted the debt, which was in 1870, and after the adoption of the Constitution of 1868. By the marriage he became liable to pay the wife's antenuptial debt. In legal effect he then assumed the payment of the debt, in other words, in effect, by the marriage, he contracted to pay the debt, because the law imposed that duty upon him as an incident of the marriage. *Harrison* v. *Trader and wife*, 27 Ark., 288.

Had the appellant, in 1870, instead of marrying the maker of the note, endorsed it, or guaranteed its payment, his undertaking, or contract, being subsequent to the adoption of the Constitution of 1868, he would have been entitled to the benefit of the exemptions provided for by it, while the maker of the note would not, her contract being prior to the adoption of the Constitution. *Ross, adm'r.*, v. *Jones*, 22 Wallace, 576.

The case thus put, by way of illustration, is, we think, analogous to the one before us.

Exemption laws relate to the remedy (*Newell* v. *Heyden*, 8 Iowa, 143) and the exemption provided for by the Constitution of 1868, being a law of the remedy at the time appellant bound himself, by marriage, to pay the wife's debt, we think he was entitled to the benefit of the exemption as a legal incident to his undertaking.

Judgment reversed, and cause remanded, with instructions to the court below to grant appellant a new trial.