## LEIBER v. THE U. P. R. Co.

1. **Garnishment: NON-RESIDENT DEBTOR: EXEMPTION.** Exemption from garnishment in another state, where the debtor resides, cannot be pleaded by a garnishee in this state, unless the amount due the debtor from the garnishee is also exempt by the laws of this state.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, DECEMBER 6.

THE plaintiff brought an action before a justice of the peace in this State against one Doolittle, and obtained a judgment against him. A transcript of the same was filed in the Circuit Court of Pottawattamie county, and an execution issued thereon by the clerk of said court, and the defendant was garnished as the supposed debtor of Doolittle. The defendant appeared and filed an answer, whereupon, on motion of the plaintiff, and without other evidence, judgment was rendered in favor of the plaintiff, and the defendant appeals.

*A. J. Poppleton, J. M. Thurston* and *Rising, Wright & Baldwin,* for appellant.

*Smith, Carson & Hare* and *George A. Holmes,* for appellee.

SEEVERS, J.—The answer disclosed the fact that the defendant was indebted to Doolittle, and that such indebtedness arose in Nebraska, was due and payable there, and not in this State; that Doolittle, at the time the indebtedness arose, was, and now is, a citizen and resident of Nebraska; and that the indebtedness aforesaid was exempt from execution, attachment or garnishment under the laws of Nebraska.

1. GARNISH-MENT: non-resident debtor: exemption.

It is conceded the statements in the answer are true, and the question for determination is whether, under the facts above stated, judgment should have been rendered against the defendant.

The only point decided in *Moore v. The C. R. I. & P. R. Co.*, 43 Iowa, 385, was that a garnishee is not bound to set up as a defense that the money due the defendant was exempt from execution or attachment against him, in cases where he could not have successfully pleaded the exemption. The logical result, however, of that decision is that if the debtor brings a suit in this State against the garnishee the latter can successfully defend such action by setting up the fact that he had been garnished as the debtor of the plaintiff in another State.

It is not claimed the amount due Doolittle by the defendant is exempt under the laws of this State. Nor can it with truth be said that the action was brought with the fraudulent intent to thereby acquire jurisdiction in this State, and thus defeat the rights of the citizens of Nebraska. *Dunlap v. Cody*, 31 Iowa, 260. The record does not disclose how jurisdiction of Doolittle was obtained, but the presumption is that he came voluntarily into this State, and was served with process here.

If Doolittle had appeared in this proceeding, and pleaded his exemption under the laws of Nebraska, it would not have constituted a defense (*Newell v. Hayden*, 8 Iowa, 140); and it is difficult to see why a different rule should prevail when the same thing is pleaded by the garnishee.

If there is any difference in this respect it must be because the exemption is pleaded by the defendant for its own protection, and not for the benefit of the debtor. It is undoubtedly true that the defendant may be sued by the debtor in Nebraska, and, in the absence of any ruling in that State, it cannot, with absolute certainty, be said that the judgment here will avail the defendant as a defense in the courts of that State. But we cannot presume the rule will be different in Nebraska from what it is in this State. On the contrary, the presumption must be that it will be the same. The defendant, therefore, cannot be made liable to pay the indebtedness to Doolittle more than once.

It is suggested in argument that a "garnishee cannot be compelled to deliver up property to a court that it has in its possession outside of the territorial jurisdiction of the court." It may be the stated proposition is true, but if so its bearing on the case at bar is not apparent. We, therefore, have no occasion to determine whether it be true or not.

Whether the garnishee is bound or privileged to set up the fact that the money in his hands is exempt from execution or attachment against the debtor, or to notify the debtor of the garnishment in cases where the debtor could successfully plead the exemption, has not been determined in this State. The authorities in other States are seemingly in conflict on this subject. See *Conley* v. *Chilcote,* 25 Ohio St., 320; *Staniels v. Raymond,* 4 Cush., 315; *Lock v. Johnson,* 36 Me., 464; *C. & A. R. Co. v. Ragland,* 5 Central Law Journal, 169. What is said on this subject in *Moore v. The C. R. I. & P. R. Co.,* before cited, by way of argument, cannot be regarded as authority, and we prefer to reserve a ruling on this question until its determination is required.

AFFIRMED.