## Mooney v. U. P. R. Co., Garnishee.

1. **Attachment:** GARNISHMENT: NON-RESIDENT DEBTOR: EXEMPTION OF EARNINGS: JURISDICTION. The plaintiff and his debtor were both residents of Nebraska, by the law of which State the larger portion of the attached fund was exempt as personal earnings. The services for which the garnishee was indebted were contracted for and performed in Nebraska, where garnishee had its general offices, and where it was accustomed to pay its employes in that State. The original notice herein was served on the debtor in Nebraska, and the notice of garnishment was served on garnishee in Iowa. *Held—*

   1. That personal service of the original notice upon the non-resident defendant had the same effect to give the court jurisdiction as service by publication.

   2. That the rule that the *situs* of a debt, considered as property, is determined by the residence of the creditor, cannot be applied in this State in attachment proceedings against non-residents.

   3. That since the garnishee was operating its road within this State, it was subject to the jurisdiction of the courts of this State.

   4. That non-residents have a right to sue in the courts of this State, and since no fraud was practiced by plaintiff in bringing the parties and the attached property within the jurisdiction of the court, the garnishee cannot complain because the debtor is here deprived of the exemption which he might have claimed had he been sued in the State of his residence.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, DECEMBER 15.

THIS is an action brought in the court below against defendant, C. F. Rollins, upon a promissory note. The Union Pacific Railway Company was attached as garnishee. · There was a trial between the plaintiff and garnishee, and a judgment was rendered for the plaintiff, from which the garnishee appeals.

*J. S. Shropshire* and *Baldwin & Wright*, for appellant.

*Clinton, Hart & Brewer*, for appellee.

ROTHROCK, J.—I. The cause was submitted to the court below, and is submitted to this court, upon an agreed statement of facts, of which the following is the substance:

The appellant was indebted to the defendant, Rollins, in the sum of three hundred dollars at the time the answer was filed. This sum was earned by Rollins as a mechanic in the employment of appellant in the State of Nebraska. He was hired in that State, and it was the custom of appellant to pay its employes thus hired, within that State, but there was no express contract as to where the wages should be paid. The general offices, and the offices of the pay-master and auditor of appellant, are in the state of Nebraska. By the laws of Nebraska, two hundred dollars of the amount due Rollins would have been exempt to him, and not liable to seizure for the payment of his debts in any suit brought in the courts of that State, being the amount of his wages for sixty days preceding the service of the garnishment notice. The original notice was served on Rollins personally, in the State of Nebraska, and the garnishment process was served on the appellant in Pottawattamie county, in this State. The appellant was then, and is now, a corporation organized under the laws of the United States, and engaged in the operation of a line of railway, beginning at a point within the City of

Council Bluffs, in Pottawattamie county, Iowa, and extending westward through the State of Nebraska. The plaintiff and Rollins were, at the commencement of this suit, and still are, residents of Nebraska, and plaintiff knew, when he commenced this suit, that by the law of Nebraska, if there sued, the defendant would have two months wages exempt from all process.

Section 2618 of the Code provides that service of an original notice may be made by publication "in actions brought against a non-resident of this State, or a foreign corporation having in this State property or debts owing to such defendant, sought to be taken by any provisional remedies, or to be appropriated in any way." And debts due the defendant in an action aided by attachment are attached by the garnishment thereof. § 2967. And it is a sufficient cause for attachment that the defendant is a non-resident of the State. § 2951.

There was no service by publication in this case, but personal service was made upon defendant in the State of Nebraska. This supercedes the necessity of service by publication. § 2621. And such personal service has the same force and effect, and the same jurisdiction is acquired, as would be if the service were by publication. *Darrance v. Preston,* 18 Iowa, 396. It is contended by counsel for appellant that the debt from the railroad company to Rollins was not liable to attachment, because its *situs* was not in this State, but in the State of Nebraska. The facts show that the money due Rollins was earned in Nebraska and that he was a resident of that State, and that it was the custom of the railroad company to pay the wages of such employes within the State of Nebraska. The doctrine that a debt can have no locality separate from the party to whom it is due is applicable upon the question of the *situs* of credits for the purposes of taxation.

Such is the case of State tax on foreign held bonds—15 Wallace, 300, and other authorities cited by counsel for ap-

pellant.    But this rule or legal fiction, as it is denominated in the books, cannot be applied in this State to attachment proceedings against non-resident defendants.    To do so would abrogate the sections of the statute above cited, because, if all debts must be located with and attach to the person of the debtor, there could be no garnishment of a person in this State, owing a debt to a person resident of another State.    As is said in *Green v. Van Buskirk*, 7 Wal., 139, attachment laws "necessarily assume that property has a *situs* entirely distinct from the owner's domicile."    "The plaintiff occupies, as against the garnishee, the position of the defendant, with no more rights than the defendant had, and liable to be met by any defense which the garnishee might make against an action by the defendant."    *Daniels & Co. v. Clark*, 38 Iowa, 556.    And we think if the defendant, Rollins, could have maintained an action against the appellant in this State for the recovery of his wages, it follows that the debt was within this State, and subject to attachment.    Whether he could have maintained such action does not depend upon the question as to the custom to make payment in Nebraska, but whether appellant was subject to the jurisdiction of the courts of this State, which we will now proceed to consider.

I.    It is contended that the court had no jurisdiction over the appellant, and a number of cases are cited which hold that where the garnishee is a non-resident, and is merely temporarily within the jurisdiction of the court, and is there served with process, the service is bad, and will not hold property in his hands belonging to the non-resident defendant. Authorities are also cited to the effect that a foreign corporation cannot be garnished, although it may have officers and members within the jurisdiction of the court, as well also as its books and records.

II.    We have no occasion to discuss these authorities, because the Union Pacific Railroad Company is not merely temporarily within the jurisdiction of the courts of this State, nor is it a foreign corporation.    It is a corporation organized un-

der the laws of the United States, and engaged in the opera-
of a line of railway in Pottawattamie county, Iowa, and ex-
tending west through the State of Nebraska. It is as much
a citizen of Iowa as it is of Nebraska; and there is no pro-
vision of the laws of the United State locating it in any State.
But suppose we should concede it to be a foreign corporation
operating a line of railway in another State and extending
into this State. Under section 2582 of the Code; actions may
be brought against railway corporations in any county in this
State through which the line or road passes or is operated.
And this applies to foreign corporations as well as those or-
ganized under the laws of this State. The reports of cases
in this court are full of actions brought against foreign rail-
road corporations operating roads in this State, and no one has
ever questioned the jurisdiction. If we were to hold that
these corporations are not subject to the jurisdiction of our
courts, the same as a natural person resident within the State,
we would release at least three trunk lines, which traverse the
State from east to west, from all subjection to the jurisdiction
of our courts.

III. Lastly, it is insisted that this action was instituted by
plaintiff in the court below with the fraudulent purpose of
preventing the defendant from pleading the exemption laws,
either of the State of Nebraska, or of this State, and to de-
fraud and cheat him out of the exemptions he is entitled to
under the laws of Nebraska.

We have determined that the Circuit Court had jurisdiction
of the defendant, and also of the appellant, so far as to author-
ize the appropriation of the debt. There can be no doubt
that there is an absolute right in a non-resident of this State
to institute and maintain actions in our courts. We have
held that, if a person residing in our jurisdiction be induced,
under false pretenses or representations to come into another,
for the purpose of there getting service upon him, the jur-
isdiction thus acquired will be held to have been fraudulently
obtained, and the judgment will be void. *Dunlap & Co. v.*

*Cody*, 31 Iowa, 260. In that case, and in all the authorities cited therein, there was actual fraud practiced to obtain the jurisdiction. The ground work of all the cases upon that subject is, that if unlawful or fraudulent means are resorted to for the purpose of bringing a party within the jurisdiction of a court, the law will interpose and afford a suitable remedy, because no lawful thing founded upon an unlawful act can be supported.

In the case at bar, the plaintiff was guilty of no actual fraud. He used no unlawful means to acquire jurisdiction of the parties or subject-matter, and while the proceeding operates as a hardship on the defendant, we cannot say that jurisdiction was obtained by fraud, or by resort to any unlawful means.

AFFIRMED.