BROADSTREET v. CLARK, DEFENDANT, AND THE CHICAGO, MILWAUKEE & ST. PAUL R'Y COMPANY, GARNISHEE.

1. **Garnishment**: EXEMPTION LAWS OF OTHER STATES.   It is the settled rule that in a garnishment proceeding in this state the exemption laws of another state or territory cannot be pleaded or relied on as a defense by either the garnishee or judgment debtor.   See cases cited in opinion.

*Appeal from O'Brien Circuit Court.*

WEDNESDAY, APRIL 8.

THE defendant railroad company was garnished as the supposed debtor of its co-defendant.   Judgment was rendered against both defendants, and they appeal.

*Geo. E. Clark*, for appellant.

No appearance for appellee.

SEEVERS, J.—Upon being garnished, the railroad company answered that it was indebted to Clark, the judgment debtor, who was one of its employes in Dakota territory, and that he was a married man, and the head of a family, and a resident of said territory when the work and labor were performed for

which the indebtedness was incurred, and that the same had been earned within ninety days prior to the garnishment; that under the laws of said territory said earnings were exempt from execution. Clark, the judgment debtor, intervened in the garnishment proceeding, and in substance pleaded the same facts as above stated, and asked that the garnishee be discharged. Upon motion of the plaintiff, judgment on the answer of the garnishee and petition of intervention was rendered for the plaintiff, and we are required to determine whether the court erred in the rendition of such judgment.

We regard it as the settled rule in this state that the exemption laws of another state or territory cannot be pleaded or relied on as a defense by either the garnishee or judgment debtor. *Newell v. Hayden,* 8 Iowa, 140; *Leiber v. Union Pac. R'y Co.,* 49 Iowa, 688; *Mooney v. Union Pac. R'y Co.,* 60 Iowa, 346. See, also, *Burlington & M. R. R'y Co. v. Thompson,* 31 Kan., 180, and authorities there cited.

AFFIRMED.