# East Tenn., Va. & Ga. Railroad Co. v. Kennedy.

*Appeal Case from Justice's Court.*

1. *Foreign garnishment on judgment, and payment thereof.*—A resident citizen of Alabama, having voluntarily gone within the territorial jurisdiction of Tennessee, is liable to suit there as if a resident; and a judgment being there rendered against him on personal service, on which a garnishment is sued out against a railroad corporation chartered by that State, which owed him a debt created in Alabama, that debt is subject to the garnishment proceedings; and payment by the garnishee of the judgment there rendered against him, on his answer admitting such indebtedness, is a complete defense to a subsequent action on the debt in Alabama.

2. *Same; exemption laws of no extra-territorial effect.*—The exemption laws of Alabama having no extra-territorial operation, the debtor himself could not set them up in defense of the action instituted against him in Tennessee; nor can he complain that the railroad company, in answer to the garnishment, did not successfully assert his right of exemption.

[East Tenn., Va. & Ga. R. R. Co. v. Kennedy.]

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. JAS. W. LAPSLEY.

This action was brought by James M. Kennedy against the appellant, a corporation chartered under the laws of Tennessee, but doing business in Alabama; and was commenced before a justice of the peace, on the 13th April, 1887. The cause of action was an account for work and labor done, amounting to $50; and the complaint in the Circuit Court, on appeal, contained only the common counts. The defendant pleaded payment generally, and a special plea averring the facts relied on as payment—namely, the institution of a suit against the plaintiff before a justice of the peace in Tennessee, and the rendition of a judgment against him on personal service; the issue of an execution on that judgment, and the service of a garnishment on the defendant corporation; the answer of the garnishee, admitting the indebtedness claimed in this action, and attaching the affidavit of said Kennedy "claiming said debt as exempt to him under the laws of Alabama;" the rendition of judgment against the garnishee on this answer, and the payment of that judgment before the commencement of this suit. The court sustained a demurrer to this plea, and the cause was tried on issue joined on the first plea. On the trial, the plaintiff proved that the debt sued for was contracted in Alabama, in February and March, 1887, and that he then resided in Alabama; and he admitted the truth of all the facts stated in defendant's second plea. "The question submitted to the court and jury was, whether this debt could be condemned by the garnishment proceedings in Tennessee." The court charged the jury, on these facts, that they must find for the plaintiff, if they believed the evidence; and refused a general charge in favor of the defendant, which was requested. The charge given, and the refusal of the charge asked, to which exceptions were reserved by the defendant, are now assigned as error, together with the ruling on the demurrer to the second plea.

PETTUS & PETTUS, for the appellant, cited Drake on Attachment, 597; *Blake v. Williams*, 6 Pick. Mass. 315; *Lieber v. Railroad Co.*, 49 Iowa, 688; *Moore v. Railroad Co.*, 43 Iowa, 385; Waples on Attachment, 34; *Sherry v. Brown*, 66 Ala. 52; *Henderson v. Tucker*, 70 Ala. 384.

SUMTER LEA, contra, cited *L. & N. Railroad Co. v. Dooley*, 78 Ala. 524.

SOMERVILLE, J.—The appellee, Kennedy, as plaintiff recovered a judgment against the appellant railroad corporation, in the Circuit Court of Dallas county, for about fifty dollars, in September, 1887, the case being tried *de novo* on appeal from a justice's court. The amount was due for work and labor done by the plaintiff for the defendant, in this State, of which the plaintiff was and is a resident.

The defense set up by the railroad company was payment. The admitted facts show, that the plaintiff, Kennedy, being temporarily in the State of Tennessee, which was the residence of the defendant corporation where it was chartered, was there sued by one Kane before a justice of the peace, having jurisdiction of the subject-matter and the parties, and, after service of process upon him, a judgment was rendered against him for the debt claimed, with costs, amounting to about fifty dollars; that, after a return of no property found against Kennedy, a suit by garnishment was instituted on the judgment against the railroad company, and on its answer as garnishee a judgment was rendered condemning this same debt, and that this judgment had been fully satisfied.

This, we think, was a full defense to the suit. The plaintiff, having gone voluntarily within the territorial jurisdiction of the State of Tennessee, was liable to be sued there as fully as if he resided in that State. His residence in Alabama was no objection to the exercise of this jurisdiction over his person.—*Smith v. Gibson, ante,* p. 285; *Dearing v. Bank of Charleston,* 5 Ga. 497; s. c., 48 Amer. Dec. 300, and *note,* p. 319.

The residence of the railroad corporation being in Tennessee, it was subject to be sued there as much as a natural person would be; and this jurisdiction over it could in no manner be affected by the fact that its road was operated in Alabama, and the debt garnished was created here. The debt was due by the railroad to Kennedy as much in Tennessee as in Alabama, and suit could certainly have been brought upon it by him in that State, where the defendant corporation had been chartered, and where it resided. Debts have no local *situs,* but are suable in any country or locality where the debtor's person may be found.—Drake on Attachment (6th Ed.), § 597; *Sturtevant v. Robinson,* 18 Pick. 175.

The exemption laws in Alabama, which are *municipal* in their nature, are local, and have no extra-territorial force or operation. They pertain to the remedy, and depend upon

the law of the *forum*, or the place where the action is brought. No rule of inter-state comity requires their enforcement in a foreign jurisdiction. The Tennessee courts were under no obligation to enforce them, in a suit within the jurisdictional limits of that State, it being settled that the exemption laws of one State can not avail a debtor in a suit instituted against him in another State.—*Stevens v. Brown*, 20 West Va. 450; *Leiber v. Union Pac. R. R. Co.*, 49 Iowa, 688; *Sturtevant v. Robinson*, 18 Pick. 175; Drake on Attachment, § 597; Waples on Attach. & Garnishment, 528. If Kennedy had appeared before the Tennessee court, and pleaded his exemption under the Alabama statute, it would have constituted no defense. For this reason, the garnishee could not have made the defense available for him, and was under no duty to attempt it.—*Moore v. C., R. J. &c. R. R. Co.*, 43 Iowa, 385; *Newell v. Hayden*, 8 Iowa, 140. If this were not the law, it is manifest that the garnishee would be subjected to a double liability in all cases of this kind, which can not comport with justice.

The case of the *Louisville & Nashville R. R. Co. v. Dooley*, 78 Ala. 524, is clearly distinguishable from this. There the debt sought to be attached was contracted by a foreign corporation, in another State, and was due to one of its employees who was a resident of Kentucky. It was held that the Alabama court had no jurisdiction of the *res*, or subject-matter which it was sought to condemn, nor of the person of the garnishee, by reason of its non-resident character—the statute making no provision for serving process on a foreign corporation, to reach a debt not capable of being brought under the control of the court.

The court erred in sustaining a demurrer to the second plea of the defendant; and in refusing to give the written charge requested by defendant's counsel. The other rulings are immaterial, and need not be noticed.

Reversed and remanded.