HENRY C. DRAKE v. THE LAKE SHORE & MICHIGAN
SOUTHERN RAILWAY COMPANY, GARNISHEE OF
S. J. CODER.

*Garnishment—Non-resident defendant—Exemption—Assignment of
claim for purpose of evading exemption laws—Comity of
states.*

1. After the service of a summons to show cause, a garnishee
   defendant has the right to make a further and supplemental dis-
   closure, and to give in evidence matters of hearsay, even, touch-
   ing his liability to the principal defendant.

2. The rule of comity existing between the states will not permit the
   purchase of a claim for the express purpose of assisting the
   original creditor in evading the exemption laws of his state by
   having it sued in the state in which the assignee resides.

3. Wages due a resident of Indiana, and exempt under the laws of
   that state from garnishment, cannot be subjected to that process
   in Michigan by the assignee of a debt contracted in Indiana by
   the principal debtor, where the assignor also resides, and where
   *both* debts are payable, no personal service of process being had
   upon the principal debtor.

   So *held*, where a creditor of an employé of a railroad company
   operating its road in Indiana and Michigan, in which *first-named*
   state the employé and creditor resided, and where *both* debts
   were contracted and payable, assigned his claim to a resident of
   Michigan, who sought to enforce its collection by attachment
   proceedings in justice's court against the principal debtor, and
   garnishment of the railroad company under the Michigan
   statute.

Error to St. Joseph. (Pealer, J.) Argued February 15,
1888. Decided March 2, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*Orris P. Coffinberry,* for appellant.

*Weaver & Weaver* (*George C. Green* and *O. G. Getzen-Danner*, of counsel), for garnishee defendant.

MORSE, J.   The plaintiff commenced proceedings in justice's court by garnishee in attachment for the sum of $7.16, claimed to be due him from one S. J. Coder, an employé of the defendant railroad company.

No personal service of the attachment writ was had upon the principal defendant, and no goods or chattels were seized by virtue of it.   There was no appearance by or for the defendant in the principal suit.

The attachment was procured upon affidavit that the principal defendant was not a resident of this State.

A copy of the attachment was left with the agent of the railroad company at Constantine, Michigan, on the thirtieth day of September, 1886, the return-day being October 6, 1886; and the officer returned that he could not find the principal defendant in the county of St. Joseph, where the action was commenced.

The garnishee summons was served September 27, 1886. On the return-day the plaintiff appeared; the defendant did not appear.   The cause was thereupon adjourned to November 13, 1886.   On the last-named day defendant did not appear. Plaintiff introduced the disclosure of the railroad company to show jurisdiction.   Witnesses were sworn, and judgment rendered against the principal defendant for $7.16 damages, and $7.39 costs of suit.

December 9, 1886, a second summons was issued against the garnishee defendant to show cause why judgment should not be rendered against it, returnable December 17, 1886.

On the return-day of this second summons plaintiff declared against the railroad company.

The disclosure of the company made by J. M. Davis, its agent at Constantine, under oath, on the thirtieth day of October, 1886, simply showed that at the date of the service

of the first summons the company was indebted to S. J. Coder, the principal defendant, in the sum of $109.20. Before pleading, the railroad company asked the privilege of making further answer, explanatory of and supplemental to the disclosure already made. The record does not disclose whether such request was granted.

The defendant then pleaded the general issue, with notice of the matters offered as explanatory of and supplemental to the disclosure, in defense of the action. The main averments of this notice will appear when the findings of the circuit judge are noticed.

Upon the trial in justice's court, judgment was rendered against the garnishee defendant for the sum of $14.55 damages, and $5.28 costs of suit.

The cause was appealed to the circuit, in which court the same was tried, without a jury, and judgment entered upon findings of fact and conclusions of law in favor of the defendant. The plaintiff brings error.

In the circuit court the garnishee defendant, against the objection of the plaintiff, was permitted to make further answer.

The circuit judge found the following facts:

1. That there was no personal service of the attachment upon the principal defendant, and no goods seized by virtue of the writ, and no appearance by such defendant.

2. That such defendant was from the beginning to the end of the proceedings a resident of the state of Indiana; that he was employed by the garnishee defendant in that state, and his services for which the garnishee was indebted were rendered in Indiana.

3. That the contract for such services was made in Indiana, and the wages of said principal defendant were due and payable in that state; and that the amount owing to him from the garnishee was for one month's labor, under a contract made and payable in Indiana; and that at the time of the service of the garnishee process he was still under employment of the garnishee in that state, under such contract, and was a citizen of Indiana.

4. That the statute of Indiana provides that the wages of all persons in the employ of any person or corporation shall be exempt from garnishment, and proceedings supplemental to execution, in the hands of such person or corporation, so long as such employé remains in such employment, not exceeding one month's wages at any one time.

5. That the claim of plaintiff against the principal defendant, upon which the justice's judgment was rendered, was assigned by a citizen of Indiana to plaintiff; that the same was a debt, if any there was, contracted by said principal defendant in the state of Indiana, he then being a citizen of that state; and that such debt was assigned to plaintiff for the purpose of instituting these garnishee proceedings for the collection thereof.

The circuit judge found the law upon these facts as follows:

"1. The indebtedness disclosed by the garnishee was not within the jurisdiction of the justice, and was not subject to, and could not be reached by, the process of said court, either in attachment or garnishee process.

"2. The indebtedness or credit sought to be reached by these proceedings was not liable to process of garnishment.

"3. Said indebtedness having arisen under a contract made payable in another state, viz., Indiana, and being absolutely exempt from garnishment by the statute of that state, the same was not liable, and could not be liable, to garnishee process in these proceedings.

"4. The garnishee defendant is entitled to have judgment rendered in his favor."

The plaintiff excepted to several of the findings of facts; but we find in the record testimony, if the same was not improperly admitted, tending to establish all the findings. The weight of the evidence was for the trial court. We cannot disturb any of his findings, unless there is shown by the record an absolute want of any testimony to support them.

The garnishee defendant also had the right to make further and supplemental disclosure, and to give in evidence matters of hearsay, even, touching its liability to the principal defendant. *Sexton v. Amos,* 39 Mich. 695; *Newell v. Blair,* 7 Id. 103; *Maynards v. Cornwell,* 3 Id. 313. The

garnishee had the right, and it was its duty, to state in the answer every fact within its knowledge which had any legitimate tendency to show that it ought not to be charged. Drake, Attachm. § 630.   Therefore the objections to the reception of the testimony upon which the findings of the circuit judge were based, are not tenable, unless it be that such testimony was immaterial and irrelevant, as having no tendency to defeat the plaintiff's action.

Therefore the material inquiry arises, and must be disposed of, whether or not the fact of the principal defendant being all the time a resident of the state of Indiana, the contract for services being made, and the wages therefor payable, in that state, and that such services were rendered there, and also that such wages, so garnished, were exempt under the statutes of that state, have any effect upon the right of the plaintiff to recover from the garnishee.

The counsel for the plaintiff claims that the exemption laws of another state cannot be pleaded or relied upon as a defense to the garnishment in this case, either by the judgment debtor or the garnishee defendant; and that the court erred, not only in admitting this evidence, but in concluding, as a matter of law, that the indebtedness from the garnishee defendant to the principal debtor was not within the jurisdiction of the justice, and not subject to the process of the court, and in the other conclusions of law as well.

Upon the other hand, the counsel for the garnishee defendant contend that, under the circumstances disclosed by the finding of facts, this indebtedness had its *situs* in the state of Indiana, a foreign jurisdiction, and could not be subjected to the process of the justice in this case by either the attachment or garnishee process; that the justice obtained no jurisdiction, by personal service or otherwise, over the principal debtor, who was a citizen of Indiana; neither did he acquire any jurisdiction over any property belonging to such debtor, by seizure thereof; and he could not gain jurisdiction

over this debt, so as to subject it to the process of attachment by the disclosure of the garnishee.

If this contention be correct, it will not be necessary to examine the case any further, as in such case the judgment of the circuit court must be affirmed.

The record discloses a plain attempt to use the courts of this State to evade the exemption laws of a sister state, and to deprive the laborer in such state of the benefit of the laws to protect his wages from seizure, while he yet remains a citizen of Indiana, and has not been personally in Michigan, or removed his property into this State, or acquired any property within our jurisdiction. Such a procedure should not be permitted, unless the weight of reason as well as of authority sustains it.

The process by attachment is an extraordinary one, and outside the general and natural courses of the law. It is a harsh remedy at best, and, being purely statutory, the courts all agree that the processes marked out by the statute must be strictly pursued. Attachment is justified when the statute is strictly followed for legitimate purposes, but I doubt if it ever was intended to serve the uses to which it has been put in the present case. There is certainly no good reason why a citizen of Indiana should use a citizen of Michigan, through the courts of this State, to collect a debt against another citizen of Indiana whose person or property is not within our jurisdiction, and whose wages, thus sought to be reached and confiscated, are exempt, under the laws of Indiana, from such seizure.

There being no good reason for it, and every principle of right and justice being against it, I am satisfied it should not be sustained.

Nor can there be found any authority to support it. On the contrary, all the authorities agree that the courts of one state cannot be used to perpetrate a fraud upon a citizen of

another state, to evade or violate the laws which protect him within his own domicile.

But it may be, if a citizen of Michigan can buy a claim or account from a citizen of Indiana against another citizen of that state, which debt was contracted in Indiana, with the knowledge of and within the laws of that state, and use the process of garnishment and attachment in the same manner as in the present case, that the intent of the purchaser cannot be shown.

It is therefore desirable to ascertain whether or not such proceedings can be successfully maintained in a case where the resident of Michigan may have acquired the claim in good faith, and in the due and natural course of business. I am now considering a debt made as this one was, and not evidenced by a negotiable note or other commercial paper, but an account or debt resting in parol, and contracted by the original parties within the state of Indiana, and under its exemption laws.

An examination of the authorities cited by the counsel for plaintiff does not satisfy me that his position is the correct one. The reasons given by the authors of text-books, and the judges delivering the opinions of the courts, are not satisfactory to me, and seem out of harmony with the just and benificent purposes of the law.

We are referred to Drake on Attachment, several cases in the state of Iowa, and *Railroad Co. v. Thompson*, 31 Kan. 180 (1 Pac. Rep. 622), among other authorities supposed to sustain the validity of the proceedings in the case at bar. The section quoted from Drake holds that, where the garnishee is indebted, it will not vary his liability that his contract with the defendant is to pay money in another state or country than that in which the attachment is pending. Drake, Attachm. § 597. Neither this section, nor the cases cited by the learned author to sustain it, cover the question involved here. While

correct as a general principle of law, it cannot be said to be applicable to this case.

The first case in Iowa (*Newell v. Hayden*, 8 Iowa, 140) was an action for replevin of a mare and set of harness, and it was claimed by the plaintiff that the mare was exempt from execution. The defense was that the property was purchased in Illinois, and was not exempt under the laws of that state. The court held that the exemption related to the remedy, and must be governed by the laws of Iowa, where the suit was commenced and pending.

In *Leiber v. Railroad Co.*, 49 Iowa, 688, the answer of the garnishee disclosed the fact that Doolittle, the principal debtor, at the time the indebtedness was created and at the date of the suit, was a citizen of Nebraska, and the debt was due and payable there. The court held this no defense, basing its decision upon the case of *Newell v. Hayden*, and the fact that jurisdiction was obtained by service upon Doolittle, who came voluntarily into Iowa, and that the action was not shown to have been brought with the fraudulent intent to acquire jurisdiction in Iowa to defeat the rights of citizens of Nebraska.

In *Mooney v. Railroad Co.*, 60 Iowa, 346 (14 N. W. Rep. 343), it is squarely held, in a case very much like the present, that the rule that the *situs* of a debt, considered as property, is determined by the residence of the creditor, cannot be applied in that state in attachment proceedings against non-residents. In that case the plaintiff and defendant in the principal suit were both residents of Nebraska, by the law of which state the debt sought to be garnished, which was for wages, was exempt. The services for which the railroad company was garnished, were contracted for and performed in Nebraska, where the company had its general offices, and where it was accustomed to pay its employés; but there was no express contract that it should be paid there. The company was operating a part of its road in Iowa. An orig-

inal notice was served upon the principal debtor in Nebraska, which was held to be equal to service by publication, and to give the court in Iowa jurisdiction under the laws of that state. The court held that the action could be maintained, and the debt appropriated. This ruling was afterwards affirmed in the case of *Broadstreet v. Clark*, 65 Iowa, 670 (22 N. W. Rep. 919), the court holding as follows:

"We regard it as the settled rule in this state that the exemption laws of another state or territory cannot be pleaded or relied on as a defense by either the garnishee or judgment debtor;"—

Citing the cases heretofore noted as the authority for such rule, and also *Railroad Co. v. Thompson*, 31 Kan. 180 (1 Pac. Rep. 622). The decision in the latter case seems to be based upon the Iowa cases; citing, also, in support of the opinion, the following additional cases: *Conley v. Chilcote*, 25 Ohio St. 320; *Railroad Co. v. May*, Id. 347; *Pierce v. Railway Co.*, 36 Wis. 283; *Morgan v. Neville*, 74 Penn. St. 52; *Lock v. Johnson*, 36 Me. 464; *Railroad Co. v. Ragland*, 85 Ill. 375.

The first Ohio case cited has no bearing upon the question; and it appears in the second case, in the same state, that the justice of the peace before whom the garnishee proceedings were pending in West Virginia had full jurisdiction by the laws of that state over both the subject-matter of the suit and the parties thereto. It was thereupon held by the supreme court of Ohio, that notwithstanding the fact that the plaintiff in the Ohio suit (defendant in the West Virginia proceedings), and his creditors who had garnished the railroad company in West Virginia, were citizens of Ohio, the garnishee proceedings in West Virginia were valid, and a bar to the suit of the plaintiff for the same debt against the railroad company in Ohio. It seems that the plaintiff had been sued in West Virginia by his creditors, and the railroad company garnished in that proceeding in that state. There

is nothing in the report of the case to show but that personal service was obtained upon the plaintiff, the defendant in West Virginia, in that state.

The cases in 84 Ill. and 36 Me. do not touch the question at all.

The 36 Wis. case holds a contrary doctrine to the one it is cited to support, and, by analogy, is opposed to the validity of the proceedings in the case now being discussed. It was there held that a garnishee judgment obtained in Illinois against a corporation created, and operating its road, both in Illinois and Wisconsin, on account of the wages due a resident of the latter state, and exempt under its laws, where the proceedings to obtain such judgment were *ex parte*, and without any notice to the persons to whom the wages were due, could not be pleaded in bar of his action in Wisconsin against the corporation for such wages. See, also, *Bank v. Railway Co.*, 45 Wis. 172. *Morgan v. Neville*, 74 Penn. St. 52, seems to sustain the contention of the plaintiff.

In the present case the court below finds that the plaintiff bought the claim in suit for the express purpose of assisting the original creditor of the principal debtor in evading the exemption laws of a sister state,—a proceeding which the rule of comity existing between the states should not, and will not, permit. The circuit judge was therefore right in' entering judgment for the garnishee defendant.

But I am also satisfied, further, that where this purpose of evasion is not shown, in a case where the employé, whose wages are exempt in Indiana, does no act whereby he subjects himself to the jurisdiction of the courts in Michigan, and where the contract for the services is made and payable in Indiana, and the services performed there, and no jurisdiction of the person or property of the employé is obtained here, save by the disclosure of the garnishee, and the debt of the employé to the plaintiff was also contracted in Indiana, the proceedings in attachment and garnishment cannot be

successfully maintained here, as in the present case, upon legal principles.

Granted, as claimed by some of the authorities above noted, that the matter of exemption, being one affecting the remedy, is controlled by the *lex fori* and not by the *lex loci contractus*, yet when one entitled to such exemption keeps his person and his property within the locality of the contract, and does not enter, and is not brought, except by substituted service, within this State, he cannot, in reason and justice, be deprived of the exemption secured to him by the law of his domicile. He is entitled to his day in court, and to defend his rights, both as against his creditor and his debtor, in the state, and under its laws, where both the debts were contracted in the face and under the knowledge of such laws.

If he came into Michigan and contracted his debt, or if he contracted it to a citizen of Michigan while in Indiana, the case might be different. But here the wages of Coder had been set apart by the laws of Indiana as a trust fund in the hands of his employer, the garnishee defendant, for the use and benefit of his family, and creditors were barred from appropriating it to their claims without his consent. This the assignor of the plaintiff knew when he gave him the credit, and that garnishment proceedings in Indiana could not divert it from the purposes for which it was set apart. And the garnishee defendant became indebted to Coder with the same knowledge. No jurisdiction could be obtained, under such circumstances, over the principal defendant, without personal service or an attachment of property.

It would be a most singular administration of justice that would permit the justice's court to base its jurisdiction to render judgment against the principal defendant, solely upon the disclosure of the garnishee defendant under these circumstances, and then allow the same court, or any other, to base a judgment against the garnishee defendant for this trust fund upon this judgment so obtained against the principal

defendant. It would give a debtor a splendid opportunity, by collusion, to rob his creditor of the benefit of this trust fund in all cases, and without his knowledge, by simply slipping over the line into Michigan, that garnishee process might be served upon him therein.

It must be held, I think, not only as a matter of simple justice, but as sound law, which means justice, that where the creditor, debtor, and garnishee, at the time of the creation of both debts, are all residents and doing business in Indiana, and both debts are created, and intended to be payable, in that state, the exemption of wages is such an incident and condition of the debt from the employer that it will follow the debt, if the debt follows the person of the garnishee into Michigan, and attach itself to every process of collection in this State, unless jurisdiction is obtained over the person of the principal debtor; that it becomes a vested right *in rem*, which follows the debt into any jurisdiction where the debt may be considered as going.

In support of this proposition see the following cases, and authorities cited therein: *Wright v. Railroad Co.*, 19 Neb. 175 (27 N. W. Rep. 90); *Turner v. Railroad Co.*, Id. 241 (27 N. W. Rep. 103); *De Witt v. Machine Co.*, 17 Id. 533 (23 N. W. Rep. 506); *Railroad Co. v. Dooley*, 78 Ala. 524; *Pierce v. Railway Co.*, 36 Wis. 283; *Baylies v. Houghton*, 15 Vt 626; *Tingley v. Bateman*, 10 Mass. 343; *Sawyer v. Thompson*, 4 Fost. (N. H.) 510; *Railway Co. v. Maltby*, 34 Kan. 125 (8 Pac. Rep. 235); *Lovejoy v. Albee*, 33 Me. 414; *Hamilton v. Rogers*, 67 Mich. 135 (34 N. W. Rep. 278).

It is not necessary to consider the other objections made to the proceedings in this case.

The judgment below is affirmed, with costs.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. CHAMPLIN, J., did not sit.