LYON & COMPANY, Appellees, v. THOMAS CALLOPY, and CHICAGO, MILWAUKEE & St. PAUL RAILWAY COMPANY, Garnishee, Appellants.

Exemptions: RIGHTS OF NONRESIDENTS. A resident of another state, by the laws of which his earnings are exempt, can not, when wages due him from a citizen of this state are garnished, plead the laws of the state of his residence to defeat the garnishment; such laws having no force in this state, and the benefits of our exemption laws being restricted by the language of the statute to residents of this state.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

THURSDAY, FEBRUARY 2, 1893.

ACTION at law, aided by attachment. The Chicago, Milwaukee & St. Paul Railway Company was garnished as a supposed debtor of Callopy, the defendant in the action. Judgment was rendered for the plaintiffs against the defendant. The garnishee answered that it was indebted to Callopy in a certain amount, and judgment was rendered against the garnishee for the amount admitted to be due. The defendant and garnishee appeal.—*Affirmed.*

*O. J. Taylor* and *W. H. Farnsworth*, for appellants.

· *Geo. T. Webster*, for appellees.

ROTHROCK, J.—The facts upon which the appellants rely for a reversal of the judgment are as follows: The defendant, Callopy, is the head of a family, and resides in the state of Wisconsin, and was employed by the garnishee railway company, and labored for it in that state; and the garnishee, at the time it was garnished, was indebted to Callopy in the sum of one hundred and six dollars. It is claimed that, under the laws of Wisconsin, the wages due him are exempt from the payment of his debts, and that he is entitled to claim that exemption in this state. Every question in this case was determined against the appellants in the case of *Mooney v. U. P. Railway Co.*, 60 Iowa, 346, and in *Broadstreet v. Clark*, 65 Iowa, 670. It is said in the last-named case that "we regard it as the settled rule in this state that the exemption laws of another state or territory can not be pleaded or relied on as a defense by either the garnishee or judgment debtor."

If we understand counsel for the appellants, they practically concede that the case of *Mooney v. U. P. Railway Co.*, *supra*, stands squarely in the way of a reversal of this case; but they seem to think that the attention of the court was not called in that case to the proposition that the debt was exempt by the laws of Nebraska. This is a mistake, and the opinion in the case so shows. It is useless to cite cases which hold that by some sort of comity the exemptions allowed to residents of this state should be extended to residents of sister states. Exemption laws are purely statutory, and our Code (section 3072) expressly provides that "if the debtor is a resident of this state, and is the head of a family," he may hold certain property and debts as exempt. This provision as plainly requires

that there must be residence in this state as that the debtor must be the head of a family.

There is no other question in this case which demands consideration, and the judgment of the district court is AFFIRMED.