**In re the MARRIAGE OF Karma M. HAMOOD and Allen A. Hamood.**

**Upon the Petition of Karma M. Hamood, Appellee,**

**And Concerning Allen A. Hamood, Appellant.**

**No. 92–389.**

Court of Appeals of Iowa.

Sept. 2, 1993.

ing an independent test." *Goodon,* 443 N.W.2d at 76. I believe *Goodon* was correctly decided on this alternate ground.

Gary R. Robinson and Jeffrey P. Taylor of Klinger, Robinson, McCuskey & Ford, Cedar Rapids, for appellant.

Gregory D. Kingery of Ackley, Kopecky & Kingery, Cedar Rapids, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

■ The marriage of Karma Hamood and Allen Hamood was dissolved by a decree entered on September 6, 1988. The decree provided for a property settlement and for alimony and attorney fees to be paid to Karma. Following an effort in 1991 to modify the alimony provision, Allen failed to pay the alimony payments and attorney fees set out in the decree. When the obligation equaled $11,934.50, Karma caused an execution to be issued, and a levy by garnishment was made upon an IRA account in the name of Allen, through the A.G. Edwards & Sons office in Cedar Rapids.

Allen moved to quash the garnishment on October 14, 1990, claiming that he was currently a resident of Michigan and that Michigan exemption laws should prevent such garnishment. Resistance was filed by Karma, and a trial on the motion and resistance ensued. Following that hearing, the court ruled the IRA was located in Iowa and was therefore properly subject to garnishment in Iowa. Allen appeals the court's ruling. We affirm.

■ Allen does not contest the existence of a judgment against him as a result of the dissolution action between the parties to this action, and he does not contest the amount due upon that judgment. However, Allen claims that since he is a resident of Michigan at the present time—and since the Michigan laws exempt the asset sought to be reached by Karma—Michigan law should apply to exempt the asset from execution. Additionally, Allen claims that the garnishee, A.G. Edwards & Sons, maintains the funds constituting his account in Missouri, not in Iowa. Consequently, he argues, nothing exists in Iowa for Karma to attach.

The Iowa Supreme Court first addressed this argument in *Broadstreet v. Clark*, 65 Iowa 670, 22 N.W. 919 (1885), stating:

> We regard it as the settled rule in this state that the exemption laws of another state or territory cannot be pleaded or relied on as a defense by either the garnishee or judgment debtor. *Newell v. Hayden*, 8 Iowa 140; *Leiber v. Union Pac. R'y Co.*, 49 Iowa 688; *Mooney v. Union Pac. R'y Co.*, 60 Iowa 346 [14 N.W. 343].

*Id.* 65 Iowa at 671, 22 N.W. at 920. In *Mooney v. Union Pac. Ry. Co.*, 60 Iowa 346, 14 N.W. 343 (1882), a Nebraska resident garnished Union Pacific Railway Company for wages owed to an employee of that company who was also a resident of Nebraska. Mooney brought suit in Iowa and acquired a judgment against Rollins. Following judgment, Mooney garnished the railroad company, Rollins's employer, for wages owed to Rollins.[1] The notice of garnishment was served at the railroad company's place of business in Council Bluffs, Iowa. Rollins worked for the railroad company in Nebras-

---

1. It appears Mooney sued in Iowa to avoid the Nebraska exemption statute. This, however, did not influence the outcome.

ka and typically received his wages in Nebraska.

The railroad company contended that the debt from the railroad company to Rollins was not subject to attachment "because its *situs* was not in this State, but in the State of Nebraska." *Mooney v. Union Pac. Ry. Co.,* 60 Iowa 346, 348, 14 N.W. 343, 345 (1882). (Emphasis in original.) After pointing out that the doctrine which states a debt can have no locality separate from the party to whom it is due is applicable upon the question of the *situs* of credits for the purpose of taxation, the *Mooney* court stated:

> But this rule or legal fiction, as it is denominated in the books, cannot be applied in this State to attachment proceedings against non-resident defendants. To do so would abrogate the sections of the statute above cited, because, if all debts must be located with and attach to the person of the debtor, there could be no garnishment of a person in this State, owing a debt to a person resident of another State. [Referring to the existing Iowa Code section 2951 which is similar to the current provision contained in Iowa Code section 639.3(2) (1991).] As is said in *Green v. Van Buskirk,* 7 Wal., 139 [19 L.Ed. 109] attachment laws "necessarily assume that property has a *situs* entirely distinct from the owner's domicile." "The plaintiff occupies, as against the garnishee, the position of the defendant, with no more rights than the defendant had, and liable to be met by any defense which the garnishee might make against an action by the defendant." *Daniels & Co. v. Clark,* 38 Iowa 556. And we think if the defendant, Rollins, could have maintained an action against the appellant in this State for the recovery of his wages, it follows that the debt was within this State, and subject to attachment. Whether he could have maintained such action does not depend upon the question as to the custom to make payment in Nebraska, but whether appellant was subject to the jurisdiction of the courts of this State, which we will now proceed to consider.

*Id.* 60 Iowa at 349, 14 N.W. at 346.

■ Iowa Code section 639.3(2) (1991) provides that nonresidence of the defendant is a proper ground for attachment. Under these circumstances, we hold that for the purposes of attachment, as stated in *Mooney,* the *situs* of the debt is separate and distinct from the residence of the defendant. For purposes of attachment, the plaintiff may reach the proceeds of the debt at any place where the defendant could reach them.

In this case, there is no claim that there was a lack of jurisdiction since A.G. Edwards & Sons maintains an office in the jurisdiction. In fact, the office maintained by that company is the same office with which Allen has conducted his dealings with respect to this specific IRA. As indicated in *Mooney,* Allen could enforce the debt owed by A.G. Edwards & Sons by a suit against that company in Iowa and by service of notice upon the company in Cedar Rapids. Under the authority of *Mooney,* the debt is within this state and subject to attachment since Allen could have maintained an action against A.G. Edwards in this state. Likewise, under the authority of *Broadstreet v. Clark,* 65 Iowa 670, 22 N.W. 919 (1885), the exemption laws of Michigan can have no application to this case.

Having considered the issues raised by appellant, we determine the trial court's decision should be affirmed.

**AFFIRMED.**