## OSBORNE v. SCHUTT, *Appellant.*

1. **Exemption from Execution:** GARNISHMENT. The law exempting personal property from execution confers a personal privilege which the debtor alone may exercise. His debtor cannot assert it for him by way of defense to a garnishment proceeding.

2. **Garnishment in Justices' Courts.** No judgment can be entered against a garnishee in a justice's court, or in the circuit court on appeal from a justice, unless it appears that he owes the principal debtor. It is not sufficient that he has in his possession a promissory note belonging to the principal debtor.

*Appeal from Clinton Circuit Court.*—HON. GEORGE W. DUNN, Judge.

*J. F. Harwood* for appellant.

NORTON, J.—In August, 1875, plaintiffs instituted suit before a justice of the peace, by attachment, against John Sibbett on an open account for about $54. Grounds of attachment: fraudulent disposition of property to hinder and delay creditors. Defendant George Schutt was summoned to appear and answer as guarnishee of defendant Sibbett. Sibbett appeared and filed plea in abatement. Judgment in favor of plaintiffs on plea in abatement. No controversy in regard to amount of account against Sibbett and judgment for plaintiffs, $54.52. Garnishee then answered that he had no funds or property in his hands belonging to Sibbett. Plaintiffs denied the answer. Trial had and judgment for plaintiffs against garnishee for $54.52. Schutt, the garnishee, appealed to the circuit court, where, upon a trial *de novo*, judgment was rendered for plaintiffs, from which defendant has appealed to this court.

The following is a statement of facts about which there is no controversy: The defendant Sibbett owned certain saloon furniture situate in the town of Cameron, Missouri. He sold said furniture to one Smith for $300, $50 of which was paid in money, and two notes—one for

$200, the other for $50, secured by mortgage on the furniture—were given for the balance of the purchase price. It was also admitted that Sibbett transferred both of said notes to defendant Schutt, garnishee, before plaintiffs brought their suit against defendant, and that afterwards plaintiffs brought suit by attachment on the ground that Sibbett had transferred said notes to defraud his creditors. Sibbett appeared and filed his plea in abatement, upon a trial of which plaintiffs had judgment, and, there being no controversy about the amount owing by Sibbett to plaintiffs, judgment was rendered for plaintiffs by the justice for $54.52. The evidence on the part of plaintiffs in the circuit court tended to show that Sibbett had transferred the notes in question with the intent to defraud his creditors. Schutt, the garnishee, offered evidence tending to show that he received the said notes for the purpose of collecting them and paying the proceeds over to Charles Schutt, to whom Sibbett was indebted in the sum of $297, and who, at the time of the delivery of the notes to the garnishee, released $250 thereof to Sibbett. It was also proven by defendant that at the time of the transfer of the said notes defendant was the head of a family and owned no property besides those two notes and $50 received in part payment for the saloon fixtures, and his household furniture, which did not exceed in value $100. The refusal of the court to give the following instructions is assigned for error:

4. That if defendant Sibbett, at the time of the transfer of the notes in question to the garnishee, was a married man and a head of a family, and owned no property except the two notes in question, $50 in money and his household furniture, not exceeding in value $100, then the transfer of said notes could not work a fraud on plaintiffs ; and if at the time of such transfer said notes would have been exempt from attachment and execution if retained by defendant, then plaintiffs cannot recover of the garnishee herein. 5. That a justice of the peace has no

jurisdiction in attachment proceedings to seize negotiable promissory notes or order them to be delivered into court. 6. That if at the time of the transfer of the notes in question the defendant Sibbett owned no property except said two notes and $50 in money, and household furniture not exceeding $100, and was a married man and head of a family, then said notes were exempt in the hands of defendant Sibbett from attachment or execution, and plaintiffs can obtain no greater right against the garnishee than they would have had against defendant had he kept said notes.

The fourth and sixth instructions were properly refused on the ground that the law exempting property from

1. EXEMPTION FROM EXECUTION: garnishment.

execution confers a personal privilege, which the debtor may or may not accept. He may waive the privilege if he sees fit to do so, or may insist upon the enjoyment of it. The debtor is not complaining, and it was not for the defendant, who is simply a garnishee charged with having property belonging to Sibbett and being his debtor, to set up this defense. The issue that was being tried in the circuit court was an issue, not between plaintiffs and Sibbett, the defendant in the attachment, but between plaintiffs, in a judgment against Sibbett, and the defendant Schutt, summoned as a garnishee and as the debtor of Sibbett. *State to use, &c., v. Barrada,* 57 Mo. 562. The fourth and sixth instructions might have been appropriately given on a trial of the issue on Sibbett's plea in abatement had he appealed from the judgment of the justice.

The fifth instruction, we think, asserts a correct principle of law and should have been given. Wagner's Statutes,

2. GARNISHMENT IN JUSTICES' COURTS.

section 84, page 197, declares that the provisions of the law governing attachments in courts of record shall apply to attachments before justices of the peace, * * but that it shall not be construed to authorize real estate to be attached, or accounts, book-accounts, notes, bills, bonds, or other evidences of debt, to be

seized under an attachment issued by a justice of the peace, nor shall that officer have power to appoint a receiver. The notice of garnishment to defendant could, therefore, only have had the effect of attaching in his hands any debt which he might have owed Sibbett, and all money, property or effects of Sibbett except those named in section 84. It is clear from the evidence that Schutt did not *owe* Sibbett anything; he only had in his possession two notes evidencing a debt from one Smith to Sibbett, which the attachment proceeding before the justice did not authorize to be seized. This view, we think, is sustained by Wagner's Statutes, section 27, page 668, which prescribes what interrogatories shall be propounded to a garnishee summoned before a justice of the peace, and Wagner's Statutes, section 13, page 666, which prescribes what interrogatories shall be asked in proceedings on garnishment in the circuit court. The justice of the peace had no such jurisdiction as is conferred on the circuit court by sections 20 and 21 of the statute in relation to executions, and the circuit court could not acquire by virtue of the appeal any greater jurisdiction than the justice had.

Judgment reversed and cause remanded. All concur.

REVERSED.