## S. E. FERGUSON v. THE BANK OF KANSAS CITY.

TWO ACTIONS AGAINST PARTY FOR SAME THING; *Delay, not Error.* Plaintiff in error sued defendant in error in the district court of Wyandotte county, for the recovery of $403.46, balance on account of a deposit in defendant's bank, in Kansas City, Missouri. The defendant, answering, admitted the deposit in the name of the plaintiff, offering to bring the amount into court, and setting up further that the said sum had been attached in its hands as the credit of A. M. Ferguson, the husband of plaintiff, in an attachment suit in the circuit court of Jackson county, Missouri, a court of competent jurisdiction, by Homer N. Hibbard, against said A. M. Ferguson, a non-resident of the state of Missouri, which said action was still pending and undetermined; that the deposit was made by the husband in the name of the wife, and that the charge in the attachment proceedings was both non-residence and a fraudulent concealment and disposition of his property. *Held,* That there being no showing of collusion between the defendant and said Hibbard, or any delay in the attachment proceedings, that it was not error to delay the suit for such reasonable time as would enable the parties to finally dispose of the attachment proceedings.

### Error from Wyandotte District Court.

ACTION brought by *Ferguson* against the *Bank of Kansas City,* to recover $403.46. Trial and judgment for the defendant, at the December Term, 1880, of the district court. The plaintiff brings the case here. The facts appear in the opinion.

*Cates & Keplinger,* for plaintiff in error.

*Holmes, Dean & Ward,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The plaintiff in error commenced suit by attachment against the defendant in error, May 17th, 1880, in the district court of Wyandotte county, and in her petition seeks to recover the sum of $403.46, this being the balance of a deposit made in her name with defendant. The answer of the defendant is in words and figures, the following (court and title omitted):

"1st. And now comes the defendant in the above-entitled cause, and for its answer to said plaintiff's petition filed therein, denies each and every allegation therein contained, save and excepting what is hereinafter admitted.

"2d. This defendant, for its further answer to said petition, and by way of cross-bill in support of its request for equitable relief as hereinafter prayed for, states that at the times hereinafter stated, this defendant was and still is a banking corporation, duly created under the laws of the state of Missouri, and was and is doing business as a bank at Kansas City, Missouri, and that during said time it had and still has an office for the transaction of business at the stock yards in Kansas City, Kansas, in said Wyandotte county; that on the 7th day of May, 1879, A. M. Ferguson, the husband of this plaintiff, deposited in defendant's bank, in his wife's name, the sum of $5,012.60; that afterward, and prior to October 4, 1879, all of said money was withdrawn from defendant's bank, excepting the sum of $403.46, which still remains with this defendant, and upon its books stands to the credit of this plaintiff, S. E. Ferguson; that upon the last said date, Homer N. Hibbard, began in the circuit court of Jackson county, at Kansas City, Missouri, a suit by attachment against the husband of this plaintiff, wherein said Hibbard seeks to recover a judgment against the said plaintiff's husband, in the sum of $1,350, and costs, alleged to be due to him from the husband of the plaintiff upon a certain promissory note, the payment of which he alleges has not been made, and upon which there is due to him, the said Hibbard, from plaintiff's husband, said sum of $1,350, and costs; and upon the same day the said Hibbard caused to be issued out of said circuit court a writ of garnishment in aid of said attachment, which was served upon this defendant, and by which it was notified to hold for said Hibbard the sum of $1,332.91, with interest

and costs of suit; and it was further notified to be and appear before the said circuit court upon the first day of the next term thereof, it being the twelfth day of April, 1880, then and there to answer such allegations and interrogatories as might be exhibited by the said Hibbard; that said attachment issued out of said court upon the grounds that the said plaintiff's husband was a non-resident of the state of Missouri; and second, that he fraudulently concealed, removed or disposed of his property or effects, to defraud his creditors; and third, that he fraudulently conveyed or assigned his property or effects, so as to hinder or delay his creditors; that the statutes of Missouri authorize an attachment of the property of every defendant, if any of the alleged grounds of attachment are sworn to and a bond with good security for double the amount of the debt sued for, to be approved by the clerk of said court, is given; that in said cause such affidavit, alleging the three causes aforesaid for attachment, was made, and a bond as aforesaid given and approved; that said court under the constitution and laws of said state, has jurisdiction of the subject-matter of said cause; that upon the same day, to wit, October 4th, 1879, this defendant was notified by the attorney of said Hibbard, that all moneys standing upon the books of defendant bank to the credit of the plaintiff herein, S. E. Ferguson, belonged to her husband, and were placed in her name to defraud the husband's creditors, and especially the said Hibbard, and that if the same were paid to her, the said Hibbard would hold this defendant liable therefor, under and by virtue of the garnishment proceedings aforesaid, and that afterward, on or about the 20th day of October, 1879, a similar notice in writing was served upon this defendant; that afterward the said S. E. Ferguson, the plaintiff herein, made demand upon the defendant for said sum of money ($403.46), claiming the same to be her property, and not that of her husband, and this defendant refusing to pay the same to her unless indemnified or protected against the claims of said Hibbard thereto by virtue of the attachment and garnishment proceedings aforesaid, and she refusing so to do, she did, on the — day of ——, 18—, institute suit against this defendant in the circuit court of Jackson county, aforesaid, at Kansas City, and at the said April term thereof; that at said April term of said court said Hibbard propounded certain interrogatories to the defendant as garnishee, summoned as aforesaid, and among others ex-

hibited against it, it was interrogated as to whether or not, at or before the time it was summoned as garnishee in this cause, the said A. M. Ferguson did deposit with the defendant bank, in the name of his wife, or any other person, any money; and if so, it was required to state when and how much he so deposited, and in whose name, and that afterward, according to the practice of said court and the laws of said state of Missouri, this defendant, as such garnishee, did, upon oath, on the 23d day of April, 1880, answer and state the facts of such deposit by this plaintiff's husband as hereinbefore stated to be the case; and at the same term of said court, in answer to the said petition of this plaintiff against the defendant, did allege and show that the money sued for by her was claimed by the said Hibbard under his said proceedings, by attachment and garnishment, and at the same term of said court the defendant made an application to said court, showing that it claimed no interest in or title to said sum of $403.46, and that it be permitted to pay the same into said court, and that the court order the said Hibbard and A. M. Ferguson and wife to interplead for said sum, and this defendant be discharged with its fees and costs; but before any action was taken by said court upon said application, this plaintiff dismissed her said suit in said court against this defendant, and began the present action by attaching defendant's property in this court.

"This defendant further states, that said suit by the said Hibbard is still pending in said circuit court, and the said Hibbard, by virtue thereof, is making claim to said sum of $403.46, upon the grounds and through the proceedings aforesaid; that this defendant makes no claim whatever to said sum, but desires merely to be protected against the double claims made against the sum as aforesaid, and that if the same be paid to one of said claimants, it be protected against liability on account of the other; that the said A. M. Ferguson and S. E. Ferguson reside at present at Fredonia, Wilson county, Kansas; that the said Hibbard resides in the state of Illinois, but is willing, and so he declares, to interplead for said fund in this court, and to submit himself to its jurisdiction herein, provided he is allowed to prosecute to judgment his action begun as aforesaid in said circuit court for Jackson county, Missouri, for the reason that the statute of limitations for the state of Kansas would bar his claim on said note, and the said statute of Missouri will not, the lim-

itation in said state being upon all contracts in writing ten years, and the notes upon which said Hibbard brought said suit having become due April 17, 1874.

"Wherefore this defendant prays that the court order and decree that the said A. M. Ferguson be summoned as a party to this action, and that the said Hibbard be allowed to enter his appearance herein upon the terms aforesaid; that this defendant be permitted to pay said sum of $403.46 into court, and that the said Hibbard and the said S. E. Ferguson and A. M. Ferguson be required to interplead for said fund; that this defendant be allowed his attorney-fees and costs in this action; that this action be stayed until the said Hibbard obtain judgment, or until his case is prosecuted to final judgment in said circuit court in Jackson county, Missouri; that the court order and decree that the defendant, upon the payment of said sum into court, be released from all further liability to either of said Fergusons or the said Hibbard; and that such other and further relief be granted to this defendant as it may upon the pleadings and proofs be entitled to."

To this answer, which was duly verified by the defendant bank, the plaintiff filed a general demurrer, which the court overruled. The question now is, whether in overruling the demurrer the court below erred.

The ruling was correct, and must be affirmed. A general statement shows manifest justice in the claim of the defendant. It has received and holds money which it owes to some one, and is ready to pay to the party entitled thereto. One party claiming a right to this money has brought suit therefor. To that suit it has answered, stating the facts. Another claimant commences suit. To this it answers, setting up the former action, disclaiming any right to the money, asking leave to pay it into court, and that the two claimants be compelled to litigate between themselves their respective claims; or if not, that this suit be stayed till its liability to the other claimant be determined. A claim so fair and just ought not to be denied, unless there be some clear legal reason compelling a denial. None such appears. It is insisted that upon the full statement of facts no case is presented which justifies any proceeding of interplea; that the defendant cannot be held liable in the first action; and that this plaintiff should not be

22 — 25 KAS.

delayed in her rights by reason of the pendency of the former action.

The defendant is a corporation, organized under the laws of the state of Missouri, and having its principal place of business in that state. The prior action was commenced and is pending in the courts of that state, and over that action and the person of plaintiff therein the courts of this state have no control. Whether that plaintiff can maintain his action in its present form, or by mistake in the form of action must fail, is a matter to be finally adjudged by the courts of Missouri. Even if it be conceded that such an action cannot be maintained in this state, it by no means follows that it will fail in Missouri. Nay, more; though such action be one hitherto not recognized or approved in that state, there is no absolute certainty that a different ruling may not now be made and the action sustained. The defendant is in that state, the fund is there, and there can be no escape from the final decision of the courts of Missouri. If it should be in favor of that plaintiff, it would be with ill grace and no compensation to the defendant for the courts of this state to say that such decision is erroneous and ought not to have been made. Comity between states, and justice to litigants, require that the courts of one state should, so far as is consistent with protection to the rights of her citizens, delay proceedings until the termination of a prior action in a sister state concerning the same fund. And the same effect is required by the federal court to be given to the final judgment of the courts of that state as would be given to a judgment in one of our own courts. There is no intimation of collusion between the defendant and the plaintiff in that action, nor of any unnecessary delay in the proceedings therein.

Further, it is not clear that Hibbard cannot maintain such an action in this state, if the facts are as charged. If Ferguson deposited his own money in his wife's name, and did it simply to defraud creditors, why may it not be attached by those creditors? If she brought an action to recover it, the bank might set off a debt due from him to the bank. So it

has been decided in this court. (*Citizens' Bank v. Bowen*, 21 Kas. 354.) Yet such an action is no more a legal action than a suit in attachment. See also *Putton v. Sates*, 67 Ill. 164. Counsel argue that a mere attaching creditor cannot maintain an action to set aside a fraudulent assignment, and cite *Tennent v. Battey*, 18 Kas. 324. Such was the decision in that case, and we have no disposition to recede from it. But the right to seize property prior to judgment, and the right to protect the possession of the property seized pending the litigation, was recognized in the opinion in that case. Does not the garnishment of an alleged debtor stand in the same position as a seizure of property?

But as before stated, it is not necessary to decide what might be recognized by our courts. It is enough that proceedings have been commenced in the courts of Missouri to subject that debt or fund to the payment of a creditor of the party making that deposit; that such proceeding is pending in a court of competent jurisdiction; that no collusion or delay is shown; and that to permit this suit to proceed to present judgment and execution, is to expose an innocent party to a double liability. This we think should not be done. The ruling of the district court will be affirmed.

All the Justices concurring.