## N. D. STARK v. J. V. BARE.

PERSONAL EARNINGS — *Wrongful Appropriation* — *Damages* — *Recovery.* B. and S. were citizens of Kansas. B. was employed by a railroad company which owned and operated a line of railroad extending through Kansas and into Missouri. He was the head of a family, and his personal earnings were necessary to their support. He was indebted to S., and S., for the purpose of evading the exemption laws of Kansas, and to prevent B. from availing himself of the benefit of such laws, made a pretended assignment of his claim, without consideration, to L., a citizen of Missouri, and caused an action to be begun thereon in Missouri, whereby the wages earned by B. within

three months next preceding that time were taken and appropriated by process of garnishment, and whereby B. was prevented from availing himself of the benefit of the exemption laws. *Held*, That a cause of action arises in favor of B. against S. for wrongfully appropriating the personal earnings of B. which were exempt; and that B. is entitled to recover such damages as he actually sustained.

*Error from Shawnee Superior Court.*

ACTION by *Bare* against *Stark*, to recover damages for wrongfully preventing plaintiff from obtaining the benefit of the exemption law as to his personal earnings. To the petition the defendant filed a demurrer, which the court overruled at the September term, 1886. To reverse this ruling, defendant brings the case here. The material facts are stated in the opinion.

*Frank Herald*, for plaintiff in error.

*G. C. Clemens*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: J. V. Bare brought an action in the superior court of Shawnee county, against N. D. Stark, to recover damages for the wrongful action of Stark in defeating him from obtaining the benefit of the exemption laws of Kansas, and in injuring the credit and standing of Bare with his employers. The allegations of the petition are in substance that the plaintiff and defendant are permanent residents of the city of Topeka, and that Bare is a married man, having a family depending upon him for support, and is engaged in the service of the Atchison, Topeka & Santa Fé Railroad Company, which operates a railroad through the state of Kansas, and into Kansas City, Missouri, in which latter place the railroad company has an agent and is subject to the process of garnishment and other processes issued from the justices of the peace and courts of Kansas City, Missouri; that under and by virtue of the laws of Missouri when an action is commenced before a justice of the peace in the city of Kansas City, holding his office under the laws of Missouri, against an inhabit-

ant and resident of Kansas, and in such action garnishment is issued to and served upon the railroad company, the earnings of the employé of the company, being such Kansas defendant, are garnished and held, and such earnings are not exempt from appropriation in the action, and neither the exemption laws of Kansas nor Missouri have any application in such action; that on or about July 20, 1886, Stark claimed that Bare was owing him a small sum of money, but Bare claimed a set-off of an amount greater than Stark claimed, and that immediately Stark made a pretended sale and transfer of his claim, without consideration, to one John W. Leatherbury, a resident of Missouri, for the purpose of having Leatherbury bring an action against Bare before a justice of the peace of Kansas City and have garnishment process issued and served upon the railroad company, and thereby garnish and appropriate the personal earnings of Bare and apply them to the payment of Stark's alleged claim; that Bare is engaged at work for the railroad company in the city of Topeka, 70 miles distant from Kansas City, on monthly wages, and that his earnings are necessary for the maintenance of his family, and that the defendant, knowing these facts and that he was unable to leave his employment to go to Kansas City to make a defense to the action on the pretended claim, colluded and conspired with Leatherbury to make the pretended transfer, so as to defeat Bare from all benefit of the exemption laws exempting to him his personal earnings; that an action was brought before a justice of the peace of Kansas City, in the name of Leatherbury as plaintiff against Bare; that garnishment process was issued and served upon the railroad company, compelling it to answer concerning its indebtedness to Bare, and a judgment was rendered in favor of Leatherbury for the sum of $50.70, including $16 for costs, which amount the railroad company paid over as garnishee and was received by Leatherbury, who was acting collusively with Stark; that the personal earnings so appropriated were necessary for the maintenance of Bare's family, and were his personal earnings for his services rendered within four weeks next before the pretended

transfer, and within three months prior to the rendition of the judgment; that all of these acts and things were done by Stark from malice toward the plaintiff, and with the deliberate purpose of defeating him of his defense and of his exemption, to injure his credit, and by means of the annoyance of garnishment proceedings to induce his discharge by the railroad company from its employment, and by reason of the action he has been deprived of the benefit of his earnings and exemption, is in danger of losing his employment, his credit in the community is injured, and his family are put in want by being deprived of the earnings which they sorely need. It is also averred that Stark well knew that he was indebted to Bare more than $100 over and above his alleged demand. Bare prayed judgment for damages to the extent of $2,000. A demurrer to the petition was filed by Stark, the grounds of which were that there were two causes of action improperly joined, and that the petition does not state sufficient facts to constitute a cause of action. The demurrer was overruled by the court, and this ruling is complained of here.

The point that there is a misjoinder of causes of action because of the allegation that Stark owed the plaintiff more than $100 at the time of the alleged wrongdoing, is not good. The pleader manifestly intended to state but one cause of action. The matter of the indebtedness is only one of the many facts set out in the petition to show the relations existing between the parties at the time Stark attempted to defeat Bare from availing himself of the benefits of the exemption laws. No recovery is sought upon that indebtedness in this action. The policy of our state is exceedingly liberal in providing protection for the families of indigent debtors. Among other exemptions, it is enacted that the personal earnings of a debtor for three months next preceding the issue of any process against him for the collection of a debt, and which earnings are necessary for the support of the debtor's family, are exempt from such process. This provision has been frequently sustained and enforced. We have gone further, and held that where a citizen of this state attempts by a proceeding

in attachment or garnishment in another state to subject to the payment of his debt personal earnings of the debtor which under our laws are exempt, and thus prevent such debtor from availing himself of the benefit of the exemption laws of the state, an action by injunction restraining the wrongful action may be maintained by the debtor against such wrongdoer. (*Zimmerman v. Franke*, 34 Kas. 650.) In the present case, both parties are citizens of the state, and subject to its laws. According to the allegations of the petition, Stark brought his action in Missouri, at a place far distant from the residence of Bare, for the express purpose of evading the Kansas laws, and wrongfully appropriating the earnings of Bare, to which he was not entitled. We think it is a wrong which may not only be restrained by injunction, but that the citizen who proceeds and inflicts the wrong is liable to the debtor to the extent of the injury sustained. In Nebraska, where a somewhat similar statute exists exempting the personal earnings of the debtor who is the head of a family, a creditor instituted a proceeding in which he appropriated by garnishment the earnings of the debtor which were exempt from execution or garnishment process. The debtor subsequently brought suit to recover the amount so wrongfully appropriated, and the supreme court of that state sustained the action, holding that the creditor had procured property to be applied to the payment of his judgment to which he was not entitled, and that he must refund. In disposing of the case, the court remarked: "It is well settled that if exempt property is seized and applied to the payment of a judgment, the owner may have his action against the wrongdoer, unless such exemption is waived by some act or omission of the debtor." (*Albrecht v. Treitschke*, 17 Neb. 205. See also *Phillips v. Hunter*, 2 H. Black. 403; *Vail v. Knapp*, 49 Barb. 299; *Snook v. Snetzer*, 25 Ohio St. 516; *Haswell v. Parsons*, 15 Cal. 266; *Phelps v. Goddard*, 1 Tyler [Vt.], 60.) Within the principles of these cases, it must be held that the petition states a cause of action, and therefore the judgment of the superior court will be affirmed.

All the Justices concurring.