THE MISSOURI PACIFIC RAILWAY COMPANY v. J. W. SHARITT.

*Motion for Rehearing.*

THE plaintiff in error filed a motion for a rehearing, which the court denied at its session in March, 1890, and made the order *infra*.

*Waggener, Martin & Orr,* for the motion.
*Enoch Harpole,* contra.

*Per Curiam:* Now comes on for decision the motion for a rehearing of this cause; and thereupon it is ordered that the said motion be overruled.

VALENTINE, and JOHNSTON, J.J., concurring.

HORTON, C. J., dissenting: When the judgment of affirmance was rendered in this court, I had grave doubts whether

the law had been properly declared. Since then I have re-examined the facts disclosed by the record, the decisions referred to by the attorneys, and the authorities in the opinions heretofore filed. My opinion now is that a rehearing should be granted, and that the judgment of the trial court should be reversed. My reasons are as follows:

It appears that Sharitt, the employé, during the month of June, 1887, performed manual labor for the Missouri Pacific Railway Company, which system extends through Missouri and Kansas. For these services the railway company owed its employé wages — a debt; these wages are exempt from attachment or garnishment under the laws of this state. W. P. Stewart, a creditor of Sharitt, who resided in St. Louis, Mo., brought an action against him by attachment in St. Louis, on the 13th day of July, 1887, and garnished the railway company, which answered on July 28, 1887, to the facts of its indebtedness to the employé, and upon its answer, judgment was rendered against the company. The employé was served by publication. From the order of judgment requiring the company to pay the wages or debt to the creditor, the company appealed to the circuit court of St. Louis, Mo., where the action is now pending. Subsequent to the commencement of the action by attachment in St. Louis, Mo., and on the 27th day of July, 1887, Sharitt commenced his action before a justice of the peace, in Franklin county, of this state, to recover the same wages or debt, which had been garnished in St. Louis, Mo. The justice of the peace rendered judgment against the railway company; the company took an appeal to the district court of Franklin county, and that court also rendered judgment in favor of the employé, and against the railway company. This is complained of.

The question in the case therefore is, can the employé of the railway company bring his action in this state, and recover his wages, notwithstanding the defendant company has been garnished for the same wages by the employé's creditor in Missouri? Although the amount in dispute is small, the principles involved are important. Several great lines of rail-

road, like the Atchison, the Missouri Pacific, the Rock Island and others, extend through this into other states. These railroads have thousands of employés in their service, whose wages are liable to be garnished, and the law ought not to compel them to pay for the services of an employé twice, once to the creditor, and afterward to the employé.

Again, many of the employés of these railroads go from state to state in search of work, and often change their employer as well as their residence. These wage-workers ought to be protected in the payment of their personal earnings to themselves, which generally are exempt under the statutes of most of the states, so far as the law will permit. "The laborer is worthy of his hire." If the railway company is compelled to satisfy the judgment rendered against it in Missouri, then the employé ought not to recover, and the action commenced in this state should be delayed until the final disposition of the attachment or garnishee proceedings in Missouri. (*Ferguson v. Bank*, 25 Kas. 333.)

"Of course, no debtor should be required to pay his debt twice, but at the same time if he goes into a state outside of the state of his residence and transacts business therein, he must expect as to all matters of procedure and remedy, to abide by the laws of that state. . . . It cannot be doubted that the court of the state where he resides will respect a judgment rendered against him in this state, provided he has made a perfect and full disclosure and a reasonable defense against the claim presented." (*Railroad Co. v. Thompson*, 31 Kas. 180.)

Kent says:

"A *lis pendens*, before the tribunals of another jurisdiction, has, in cases of proceedings *in rem*, been held to be a good plea in abatement of a suit. Thus, where a creditor of A, a bankrupt, had, *bona fide* and by regular process, attached in another state a debt due to A, and in the hands of B, it has been held that the assignees of the bankrupt could not, by a subsequent suit, recover the debt of B. The pendency of the foreign attachment is a good plea in abatement of the suit. In such a case, the equity of the maxim, *Qui prior est tempore, potior est jure*, forcibly applies. Unless the plea in abatement was allowed in such a case, the defendant would be left with-

out protection, and would be obliged to pay the debt twice."
(Vol. 2, Comm., pages 122–123, and 125.)

See *Morgan v. Neville*, 74 Pa. St. 52; Thompson on Ex-
emption, §§ 21–23; *Connor v. Insurance Co.*, 28 Fed. Rep.
549; Freeman on Executions, 2d ed., § 209; Thompson on
Exemption, § 23.

*Pierce v. Railway Co.*, 36 Wis. 283, is in conflict with some
of the foregoing decisions, but that case has been severely
criticised. (2 Cent. L. J. 378.) But upon examination, that
case does not, I think, militate against the conclusion I have
reached. It is said in that case:

"The garnishee must bring the fact of the exemption to the
notice of the court where the attachment is pending, or notify
the employé of the pendency of the proceedings."

In the state of Missouri the supreme court holds that —

"The exemption of property from judicial process is a per-
sonal privilege of its owner, and that the debtor of such owner
cannot assert it for him by way of defense to a garnishment
proceeding." (*Osborn v. Schutt*, 67 Mo. 712.)

Therefore, the railway company could not, under the de-
cisions of Missouri, have protected itself or its employé by
alleging the exemption of the wages attached. As the attach-
ment proceedings are still pending in Missouri, and the em-
ployé has notice now of these proceedings, even within the
Wisconsin rule the garnishee has done all that it could do.
If the law is decided otherwise, it is manifest that the railroad
company will be subjected to a double liability, which does
not comport with justice.

It is argued in the concurring opinion that, as Sharitt is
not a resident of Missouri, and has not been personally served
with any summons in the garnishment proceeding, the action
in Missouri by Stewart, a resident of Missouri and the cred-
itor of Sharitt, against the Missouri Pacific Railway Company,
(a Missouri corporation,) is void as being without jurisdiction,
and therefore that the garnishment proceeding is no defense
to the action of Sharitt in this state. This view of the law

is not, I think, sustained by the weight of the authorities. Drake, in his work on Attachment, § 597, says:

"Where the garnishee is indebted, it will not vary his liability that his contract with the defendant is to pay the money in another state or country than that in which the attachment is pending. Thus, where it was urged as a ground for discharging a garnishee, that his debt to the defendant was contracted in England, and was payable there only, so that the defendant could not, and therefore the plaintiff could not, make it payable elsewhere, the court said: 'We do not perceive any legal principle upon which the objection rests. This was a debt from the garnishee everywhere, in whatever country his person or property might be found. A suit might have been maintained by the defendant here, and therefore the debt may be attached here.'"

In *Blake v. Williams*, 6 Pick. 285, it was held, that—

"Where W., a banker in England, having advanced money to pay a bill of exchange drawn upon him by M., a citizen of this state, became a bankrupt, and after an assignment of his effects by commissioners of bankruptcy, but before notice of it had reached this country, the debt due from M. (he not having remitted funds to replace the money advanced) was attached in his hands by virtue of our trustee process by B., a citizen of this state and a creditor of the bankrupt, the attachment was held valid as against the assignment."

In the opinion in that case, it is said:

"By our law, the service of a trustee process upon one who is indebted to the defendant in the suit creates a lien upon the debt in favor of the plaintiff in the action; so that if he recovers judgment against the principal, he shall have execution against the trustee to the amount of the effects in his hands, or the debt which he owes; and no distinction is made in the application of this law between citizens who may be trustees of other citizens, and those citizens who may be indebted to a person residing in a foreign country who is indebted to citizens of the United States."

In *Railroad Co. v. May*, 25 Ohio St. 347, it was decided that—

"In an action to recover money due on contract, it is a sufficient defense to show that the money sought to be recovered has been attached by process of garnishment duly issued by

a court of a sister state, in an action there prosecuted against the plaintiff by his creditors, although it appear that the plaintiff and such creditor are all residents of this state."

So, where the debt was contracted where the garnishment took place, but the garnishee agreed to pay the money in another state, he was nevertheless charged. (*Sturtevant v. Robinson*, 18 Pick. 175.) See also *Lieber v. Railroad Co.*, 49 Iowa, 688; *Mooney v. Railroad Co.*, 60 id. 346, 14 N. W. Rep. 343.

The concurring opinion, it seems to me, attempts to establish a rule which ignores the fact that the proceedings in garnishment in Missouri are entitled to full faith and credit as a judgment of a sister state, and that being proceedings *in rem*, and the debt being condemned by a court having jurisdiction, the judgment cannot be contested in this state.

Stewart, the creditor in the garnishment proceedings, is a resident of Missouri. The Missouri Pacific Railway Company is a corporation of Missouri. At the time of the garnishment proceedings that corporation owed money to J. W. Sharitt. Sharitt was duly served by publication. The court of Missouri had jurisdiction both of Stewart and the railway company, and had full authority to condemn any money owing by that company to any of its employés, whether residents or non-residents, if payable in Missouri.

"Every country [state] may regulate as it pleases the disposition of personal property found within it, and may prefer its attaching creditor to any foreign assignee, and no authority has a right to question the determination." (*Blake v. Williams*, supra.

This point was expressly decided in *Connor v. Insurance Co.*, supra. The syllabus in that case is as follows:

"The defendant, an insurance company under the laws of New York, but doing business also in Illinois and Michigan, became indebted to the nominal plaintiff, a resident of Michigan, for a loss under one of its policies, which loss was, after adjustment, assigned by her to the actual plaintiff, also a resident of that state. Creditors of the nominal plaintiff, citizens of Illinois, commenced suit in that state by attachment against

her, and garnished the defendant there. Subsequently to the service of garnishment in Illinois, the assignee of the plaintiff began suit against the defendant in Michigan, and obtained judgment before the case in Illinois was tried. Judgment was soon afterward had in Illinois. Held, (1) That, as a general rule, the *situs* of a debt is either at the domicile of the creditor, or at the place where it is payable; (2) that under the laws of Illinois, suit having first commenced there, and the courts of that state having obtained by garnishment control of the subject-matter, there was no jurisdiction in the courts of Michigan."

Of course, between courts of concurrent jurisdiction, the court first acquiring jurisdiction will retain, and the other will not interfere with it. The courts of Missouri first acquired jurisdiction of the debt or money due to Sharitt, and the courts of this state ought not to interfere in that case until the cause is finally disposed of. If the rule is established as stated in the opinion, then the railroad company is twice liable for the same debt — once to Stewart, the creditor in Missouri, and then again to Sharitt in this state. The company has done and is doing all it can to defeat and escape any liability in the garnishment proceeding; it has appealed from the judgment of the justice of the peace of St. Louis to the circuit court of St. Louis county, and has notified Sharitt of the pendency of the garnishment proceedings. The company is helpless. In Missouri, exemption is a personal privilege. The company cannot assert the exemption for Sharitt. (*Osborne v. Schutt,* supra.) Sharitt can alone exercise this personal privilege. If he will assert his rights in the Missouri court, the debt or money will be declared exempt. It all lies with Sharitt. Under the circumstances, ought the company to pay twice, when the action of Sharitt will prevent any judgment against him or the railway company in Missouri? Ought the railway company to suffer a double liability because Sharitt refuses to answer in a case in which he has been served by publication, and in which he has been personally notified by the railway company? I think not. It is stated in one of the foregoing opinions that—

"The debt is really and in fact a mere chose in action, rest-

ing wholly in parol, and is of such an intangible character that it could not be actually seized by any kind of process. And it can hardly be said to have any actual *situs* anywhere."

It is further stated in one of the opinions that—

"I think that the Missouri court has jurisdiction of Stewart, the plaintiff in the Missouri action, and of the railway company, the garnishee; and that any judgment or order which might be rendered or made by the Missouri court as against Stewart, or the railway company, would be valid and binding as against them."

It was said by Mr. Justice BREWER in *B. & M. R. Rld. Co., v. Thompson*, 31 Kas. 180, that—

"A mere debt is transitory, and may be enforced wherever the debtor or his property can be found; and if the creditor can enforce the collection of his debt in the courts of this state, a creditor of such creditor should have equal facilities."

I think that Sharitt, as a creditor of the railway company, could have enforced the collection of his debt in the courts of Missouri, and if he could have an action in that state, his creditor is entitled to equal facilities. It is not shown anywhere in the record that the debt was payable in the place or county where Sharitt performed his labor, and if the decision is carried to its logical results, Sharitt should have brought his suit at Council Grove, or in the county where he worked, and not in Franklin county. If his debt was created in Morris county, according to the decision it was payable in Morris county; and therefore, according to the decision, he had no right to bring his action at Ottawa. This, however, is not the law. "A mere debt is transitory, and may be enforced wherever the debtor or his property can be found." If it be decided by this court, under the facts of this case, that the Missouri court has no jurisdiction either of Sharitt, or of anything belonging to him, or of any money due to him, and that therefore the garnishment proceeding in Missouri is void as to him, then there can be no garnishment of a person in this state owing a debt to a person residing in another state. The practice among the profession is contrary to this decision. Very often persons in this state, owing debts to non-residents,

are garnished by the creditors of the non-residents in this state, and the only service had on the non-residents is by publication, being the same service had in the Missouri court upon Sharitt. (Comp. Laws of 1885, ch. 81, §§ 28–54.) Section 72 of the civil code of this state expressly provides, the same as the Missouri code, that —

"Service may be made by publication in actions brought against non-residents of this state, or a foreign corporation, having in this state debts owing to them sought to be taken by any of the provisional remedies, or to be appropriated in any way."

I think, however, that this court is foreclosed by its previous decisions, and that the rule stated in the concurring opinion cannot be adopted unless the prior cases are overruled. In *Railroad v. Thompson*, 31 Kas. 180, the railroad corporation was organized and had its principal place of business in Nebraska, but its line extended into this state; it was garnished in the courts of this state for a debt due to one of its employés for wages, at the suit of the creditor of the employé. The employé resided in Nebraska; had earned his wages there, and those wages were exempt to him and his family by the laws of that state. No service of process was had on the principal defendant. It did not appear where the plaintiff resided. The able district judge of Atchison county, (Judge Martin,) held in that case:

"That, under our statutes, when a railroad company incorporated under the laws of a sister state leases a line of railroad in this state, and keeps local agents and operates its lines within this county, it is liable to the process of a garnishment here for all indebtedness which it may be owing to a defendant, although by the usual course of its business such indebtedness is payable at the principal office of the corporation in the sister state; the corporation in such case being an inhabitant of this state for the purposes of business and the service of process upon it, and the indebtedness not being of a local character, but enforceable in any jurisdiction in which service may be had."

The railroad company prosecuted its writ of error to this court, and expressly made the point —

"That a foreign corporation cannot be garnished in this state as the debtor of a non-resident, for a debt contracted and payable in a foreign state, by service on a servant, or on the officers of the corporation."

The judgment of the trial court was affirmed. Mr. Justice BREWER, speaking for the court, said:

"He [the plaintiff] is a citizen of Kansas, appealing only to the laws and the courts of this state for the collection of his debt, and simply denying that the laws of another state shall prevent the collection of his debt according to the laws and procedure of his own state."

The syllabus states the following proposition of law:

"A foreign corporation coming into this state, and leasing property and doing business here, may be garnished for a debt due to one of its employés, although such employé is not a resident of this state, and although the debt was contracted outside of the state."

At the time of the rendition of this decision the members of this court were Mr. Justice VALENTINE, Mr. Justice BREWER, and the writer. Mr. Justice BREWER delivered the opinion in this case. All of the justices concurred in affirming the judgment of the trial judge.

In *Zimmerman v. Franke*, 34 Kas. 650, Franke was perpetually enjoined from prosecuting garnishment proceedings in Nebraska against the Missouri Pacific Railway Company by Zimmerman, who was indebted to Franke, and who had personal earnings coming to him from the railway company. Both Franke and Zimmerman resided at Atchison, in this state, but Zimmerman was an employé of the railway company, running between Kansas City and Omaha. He was the head of a family. Zimmerman was not personally served with any process in or from Nebraska, and Franke was proceeding, before the injunction, to collect his claim against Zimmerman by garnishment in Nebraska, from the Missouri Pacific Railway Company. If the garnishment proceeding

in Nebraska was without jurisdiction and void as to any debt or money coming or belonging to Zimmerman, why was this court asked to interfere with its strong arm to forbid Franke from carrying on a void and useless proceeding in Nebraska? That decision, as I understand it, was rendered upon the theory that if Franke was permitted to prosecute his proceedings by garnishment in Nebraska, he would thereby deprive Zimmerman of his personal earnings, which were exempt under the laws of this state.

In *Stark v. Bare*, 39 Kas. 100, the latter was a married man, living in this state, and engaged in the service of the Atchison, Topeka & Santa Fé Railroad Company. He was indebted to Stark, and Stark, to evade the exemption laws of this state, sold his claim to John W. Leatherbury, of Kansas City, Mo., for the purpose of permitting Leatherbury to bring an action in Missouri by garnishment against the railroad company to appropriate the personal earnings due from the railroad company to Bare. This court sustained a judgment in favor of Bare against Stark, upon the ground that the garnishment proceedings instituted by Leatherbury against the railroad company in Missouri deprived Stark of his personal earnings from the railroad company. This decision was also rendered upon the theory that the garnishment proceedings of Missouri deprived Bare, the employé, of the debt due from the railroad company to him in Kansas. Both of these decisions follow *Snook v. Snetzer*, 25 Ohio St. 516.

In *Railroad Co. v. May*, 25 Ohio St. 347, it was decided, as already stated, that—

"In an action to recover money due on contract, it is a sufficient defense to show that the money sought to be recovered has been attached by process of garnishment, duly issued by a court of a sister state, in an action there prosecuted against the plaintiff by his creditors, although it appear that the plaintiff and such creditors are all residents of this state."

I do not think the decisions cited in the opinion and in the concurring opinion, adversely to the views herein expressed, have very much application to this case.

In the cases of *Railway Co. v. Maltby*, 34 Kas. 131, and *Railroad Co. v. Gough*, 35 id. 1, about all that was decided was that where the debt of the garnishee to the defendant is by the laws of Kansas and Missouri exempt, the debt is exempt in this state from garnishment, and no distinction is to be made between residents and non-residents.

In *Bates v. Railway Co.*, 60 Wis. 296, a car-load of hogs was attempted to be attached by garnishment. It was held in that case that—

"Property outside of the state is not the subject of garnishment under our statute, and that a common carrier cannot be held liable as a garnishee for goods in actual transit when the process is served."

In *Sutherland v. Banks*, 78 Ky. 250, a car-load of oats was attached, and the attachment was held wrongful, because the oats were beyond the jurisdiction of the court.

In *Wheat v. Railroad Co.*, 4 Kas. 370, an attempt was made to attach or garnish $300,000 of Leavenworth bonds, which were in the state of Missouri, and in the possession of the treasurer of the railroad company. Many of the other decisions cited in the concurring opinion are like these. Of course, no one contests but that these are the law as to the points decided, but the *situs* of personal property like "hogs, oats, and bonds," is somewhat different from the *situs* of debts owing to employés and other persons.

In *Wright v. Railroad Co.*, 19 Neb. 176, the case was very similar to *Railway Co. v. Maltby*, supra, and was disposed of the same way; that decision being fully cited and approved. Something, however, was said in that decision and in several of the other cases cited about debts not being liable to garnishment, where the corporation or person garnished is not owing the debtor money payable in the state where the proceedings are commenced. Again, some of these decisions go to the effect that debts are local, and remain at the residence of the debtor. I need not review these cases, because they do not meet the question presented as to the jurisdiction of the Missouri court, under the laws of that state, over the debt of the

railway company due to Sharitt. They are nearly all cases where the garnishment proceedings have been commenced and disposed of in the states where the decisions have been rendered. The decisions are constructions of garnishment laws of the states where the decisions have been rendered.

The question whether proceedings in garnishment of a sister state are entitled to full faith and credit as a judgment, where the corporation or person owing the debt has been garnished in such sister state and service has been made by publication upon the debtor, is discussed in but one or two, and those cases are very different from this.

I think if Sharitt had brought his action in Missouri, instead of Kansas, and the railroad company had not been garnished, he could have recovered his wages in that state; and if he could have recovered his wages by an action brought there, his claim for wages could be attached or garnished there.