# MARKLEY v. MURPHY.

[No. 22,407. Filed June 24, 1913.]

1. GARNISHMENT.—*Oppressive Garnishment.—Violation of Statute. —Rights of Debtor.—Actions.*—Notwithstanding a violation of §2669 Burns 1908, Acts 1905 p. 584, §664, imposing a fine upon any person who assigns a claim against a resident of the State for the purpose of having the same collected by garnishment proceedings in courts outside the State, etc., constitutes a public wrong, a resident creditor who is entitled to the benefit of the exemption laws of this State, but is deprived of such benefit through garnishment proceedings in another state on a claim assigned by a resident creditor to a nonresident in violation of such section, is specially and peculiarly injured thereby and may maintain an action for the recovery of damages therefor against the creditor making such assignment. p. 6.

2. CONSTITUTIONAL LAW.—*Exemptions.—Privileges and Immunities.—Protection of Exemption.*—Section 2669 Burns 1908, Acts 1905 p. 584, §664, imposing a penalty on one who assigns a claim against a resident of the State to a nonresident for the purpose of collecting the same by garnishment proceedings in courts outside the State, is not violative of the provisions of §§1, 23, Art. 1, of the Constitution of Indiana, nor of the 14th amendment of the Federal Constitution, but is reasonably in aid of the rights of citizens under the exemption laws enacted pursuant to the requirement of §22, Art. 1, of the State Constitution. p. 7.

From Superior Court of Madison County; *J. A. Van Osdol,* Special Judge.

Action by Brady Murphy against John M. Markley. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1391 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*Herman F. Wilkie* and *Henrietta Wilkie,* for appellant. *Campbell & Kidwell,* for appellee.

MORRIS, J.—Action by appellee against appellant for damages, resulting from alleged oppressive garnishment. The complaint avers that plaintiff was indebted to defendant, on account, for goods sold, in a certain amount; that plaintiff, defendant, and the American Sheet and Tin Plate Company, a corporation, were within the jurisdiction and subject to the process of the courts of Madison County; that the corporation was operating a manufacturing plant in West Virginia, but, at the same time was operating one in Madison County, and had an office, and officers and agents there; that plaintiff was a *bona fide* resident householder of Indiana, residing in the city of Elwood, and defendant was a *bona fide* resident of the same city; that plaintiff owned less than $300 worth of property, including wages due him from the corporation, and was unable to pay the debt owing to defendant, and had the right to claim such property as exempt from execution against defendant's claim; that plaintiff was a laborer in the employ of the corporation, at Elwood, and the latter was indebted to him, in a certain sum for wages; that defendant, in violation of §2669 Burns 1908, Acts 1905 p. 584, §664, for the purpose of depriving plaintiff of his right to claim his wages as exempt from execution, assigned and transferred his claim against plaintiff to one Smith, of West Virginia, for the purpose of having the claim sued on and collected in West Virginia, by proceedings in attachment and garnishment; that such proceedings were had in a West Virginia court, that the corporation was com-

pelled to and did pay defendant's claim from the wages due plaintiff from the corporation.

Appellant contends the court erred in overruling his demurrer to the complaint, because, as asserted, the law recognizes no cause of action, on the facts averred, and, because the statute (§2669 Burns 1908, Acts 1905 p. 584, §664) is void, by reason of violating the provisions of §§1, 23, Art. 1, of the Constitution of Indiana, and the 14th amendment of the Federal Constitution. The statute in question 1. (§2669 Burns 1908, *supra*), reads as follows: "Whoever, either directly or indirectly, assigns or transfers any claim for debt against a citizen of Indiana for the purpose of having the same collected by proceedings in attachment, garnishment or other process, out of the wages or personal earnings of the debtors, in courts outside of the state of Indiana, when the creditor, debtor and person or corporation owing the money intended to be reached by the proceedings in attachment are each and all within the jurisdiction of the courts of the state of Indiana, shall, on conviction, be fined in any sum not less than twenty dollars nor more than fifty dollars." It is a substantial copy of §2163 R. S. 1881. It is claimed that there is no cause of action here because the violation of a criminal act is a public wrong only, and cannot result in the creation of a private, actionable, wrong. In *Kestler* v. *Kern* (1891), 2 Ind. App. 488, 28 N. E. 726, the facts alleged were similar to those here averred, and the same questions, (aside from the constitutional one) relating to the sufficiency of the complaint, were there determined, as are here presented. In a learned opinion, by Crumpacker, J., the complaint was held sufficient. The following paragraph, from Cooley, Torts 7, was quoted with approval: "When the act or neglect which constitutes a public wrong is especially and peculiarly injurious to an individual, and obstructs him in the enjoyment of some right which the law has undertaken to assure, the offender may be subject to a double liability; he may be punished by the

State and he may be compelled to remunerate the individual.'' In *Kestler* v. *Kern, supra,* it was contended, as here, that the doctrine declared in *Uppinghouse* v. *Mundel* (1885), 103 Ind. 238, 2 N. E. 719, barred any right of action, on a state of facts as there averred, but it was held (Reinhard, J., dissenting) that the latter case, properly distinguished, did not prevent a recovery on the facts alleged. In *Baltimore, etc., R. Co.* v. *Adams* (1903), 159 Ind. 688, 66 N. E. 43, 60 L. R. A. 396, it was held that the garnishee defendant was not liable to the original debtor; this court said: ''The original creditor violated our statutes in sending the claim without the State for the purpose of garnishment  \*  \*  \*. A wrong has been done the appellee, but its consequences ought not to be visited upon the appellant in the absence of any showing that it was a party to or responsible for such wrong.''

While in the above opinion, neither the case of *Uppinghouse* v. *Mundel, supra,* nor *Kestler* v. *Kern, supra,* is discussed, it is evident that this court did recognize the existence of a wrong done the plaintiff, and for which an action might have been maintained against the railway company had the latter participated, with the creditor, in the violation of the statute, resulting in his loss of a right to exemption, guaranteed him by the Constitution and statutes. In our opinion the case of *Kestler* v. *Kern, supra,* declares a correct and just rule. *O'Connor* v. *Walter* (1893), 37 Neb. 267, 55 N. W. 867, 40 Am. St. 486, 23 L. R. A. 650; *Stark* v. *Bare* (1888), 39 Kan. 100, 17 Pac. 826, 7 Am. St. 537; 18 Cyc. 1485; *Wilson* v. *Joseph* (1886), 107 Ind. 490, 8 N. E. 616.

Is our statute unconstitutional? In Ohio, with constitutional provisions substantially like our own, a statute similar to ours, with an added provision affirmatively giving

2.   the debtor a right of action against the original creditor, was assailed as in conflict with the constitution of that state. The court said: ''The purpose of this section is to protect our citizens in their rights relating to home-

steads and exemptions, and as the statutes on that subject are constitutional, any statute which is reasonably in aid of the right must also be constitutional, unless it should conflict with some other part of the Constitution. We find no such conflict. The section in question only prevents our own citizens from resorting to a sharp trick or practice in another state to defeat the provisions of our exemption laws; and the general assembly has full power to so protect our citizens.'' *Hinds* v. *Sells* (1900), 63 Ohio St. 328, 58 N. E. 800.

Section 22, Art. 1, of our Constitution when adopted, enjoined the duty on the legislature to provide, by wholesome laws, for exempting from seizure or sale for the payment of debts, a reasonable amount of the debtor's property. The legislature has executed the constitutional mandate by appropriate enactment. §745 Burns 1908, §703 R. S. 1881. Section 2669 Burns 1908, Acts 1905 p. 584, §664, aims at the preservation of the debtor's constitutional right, by further legislation intended to circumvent those who by ''sharp trick'' would subvert the humane provisions of our exemption laws. The statute is not violative of the constitutional provisions above named, and, as against the objections urged by appellant, the complaint states a cause of action.

It is claimed the court erred in overruling the motion for a new trial, because, as asserted, the evidence does not support the decision of the trial court. The evidence is sufficient. There is no error. Judgment affirmed.

NOTE.—Reported in 102 N. E. 376. Reported and annotated 47 L. R. A. (N. S.) 689. See, also, under (1) 20 Cyc. 1152; (2) 8 Cyc. 1050, 1051. As to the extrastate effect of exemption laws, see 2 Am. St. 240.