ANDERSON ET AL. v. KNOTTS.

[No. 22,297.   Filed April 3, 1914.]

1. CONSTITUTIONAL LAW.—*Impairment of Obligation of Contracts.
—Attachment and Garnishment.—Statutes.*—The act of March 1,
1911 (Acts 1911 p. 95), amending §2669 Burns 1908, Acts 1905
p. 584, §664, which made it a crime, under certain conditions, to
transfer or assign a claim for debt against a citizen of
the State for the purpose of having it collected by attachment
and garnishment proceedings in another State, so as to permit
a recovery of damages and attorney's fees by the debtor against
a person unlawfully assigning or transferring a claim, is not vio-
lative of §10, Art. 1 of the Federal Constitution.   p. 437.

2. STATUTES.—*Validity.—Title.*—The act of March 1, 1911 (Acts
1911 p. 95), amending §2669 Burns 1908, Acts 1905 p. 584, §664,
which made it a crime, under certain conditions, to transfer
or assign a claim for debt against a citizen of the State
for the purpose of having it collected by attachment and gar-
nishment proceedings in another state, so as to permit a recovery
of damages and attorney's fees by the debtor against a person
unlawfully assigning or transferring a claim, is not void as in
conflict with §19, Art. 4, of the State Constitution, since the pro-
vision for the recovery of a judgment in a civil action is a matter
properly connected with the subject of the amendment of the
criminal offense act.   p. 437.

3. STATUTES.—*Validity.—Title.*—The title of the act of March 1,
1911 (Acts 1911 p. 95), providing for the recovery of damages
and attorney's fees by a debtor against a person unlawfully trans-
ferring or assigning a claim for the purpose of collection by at-
tachment and garnishment in another state, is sufficiently broad
to include such attorney's fee provision.   p. 438.

4. CONSTITUTIONAL LAW.—*Class Legislation.*—The act of March 1,
1911 (Acts 1911 p. 95), providing for the recovery of damages
and attorney's fees by a debtor against a person unlawfully trans-
ferring or assigning a claim for the purpose of collection by at-
tachment and garnishment in another state, is not void on the
theory that, since it does not apply to persons who send their
claims into foreign jurisdictions for like purposes, it is based
on an unreasonable classification.   p. 438.

5. APPEAL. — *Review. — Decision. — Evidence.* — In determining
whether a decision is supported by sufficient evidence, the court
on appeal can consider only the evidence most favorable to ap-
pellee.   p. 439.

6: EXEMPTIONS.—*Attachment and Garnishment.—Unlawful Assignment of Claim.—Evidence.*—In a debtor's action against his creditor for damages and attorney's fees on account of the unlawful assignment of a claim for the purpose of collection by attachment and garnishment in another state, evidence from which it appears that at the time of such assignment the debtor owned a house and lot worth not to exceed $300, against which there was a mortgage of $92, that the household furniture was the property of his wife, with whom he was then living, that he owned an undivided interest in certain real estate of the value of $560, and that after deducting the wife's one-third interest in all the real estate, free of the mortgage lien, such debtor was worth less than $600, inclusive of the wages affected by the attachment and garnishment, was sufficient to support a finding that plaintiff was not the owner of property in excess of the statutory exemption. p. 439.

From Superior Court of Madison County; *H. Clarence Austill,* Judge.

Action by Robert Knotts against Grant Anderson and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Richard F. Broadbent, Carmon N. Sells* and *Orla A. Armfield,* for appellants.

*Bartlett H. Campbell* and *Elbert E. Kidwell,* for appellee.

MORRIS, C. J.—Appellants and appellee are, and were during all the time when the transactions here in controversy took place, *bona fide* residents of Madison County, and appellee was and is a householder within the meaning of our exemption act. §745 Burns 1908, §703 R. S. 1881. In 1909 appellant Anderson, in a suit before a Madison County justice, on a merchandise account, recovered a judgment against appellee in the sum of $45, which remains unpaid. In September, 1911, appellant Anderson assigned the judgment to appellant Parker, who thereupon assigned it to one Ewing, an inhabitant of the state of West Virginia. The American Sheet and Tinplate Company is a manufacturing corporation, owning and operating a factory at Elwood, Indiana. It also owns and operates another factory

in Ohio County, West Virginia. On and previous to October 11, 1911, appellee was employed by the corporation at its Elwood factory, and, at that time, there was due him, as wages, from the corporation, the sum of $42. On said day Ewing instituted attachment and garnishment proceedings on his assigned judgment before a justice of the peace of Ohio County, West Virginia. Summons was issued for appellee, which was returned "not found." The corporation appeared in response to a garnishment summons, and was ordered to pay the $42, into court for plaintiff's benefit, which was done, and the garnishee was discharged. The corporation was within the jurisdiction of the courts of Indiana, during the year of 1911.

Section 664, of an act concerning public offenses, approved March 10, 1905, made it a crime, under certain conditions, to transfer or assign, a claim for debt, against a citizen of this State, for the purpose of having it collected by attachment and garnishment proceedings in another state. Acts 1905 p. 584, §2669 Burns 1908. This act was amended by an act approved March 1, 1911. Acts 1911 p. 95. By this amendment, the scope of the original act was broadened so as to permit a recovery of damages and *attorney's fees* by the debtor against a person unlawfully assigning or transferring a claim. In December, 1911, appellee commenced this action against appellants by filing his complaint, alleging, among other things, the facts heretofore set out in this opinion, and averring that the assignments of the judgment made by appellants, were made in violation of the act of 1911, and to deprive appellee of his right to claim his wages as exempt under Indiana laws. There was a trial by court, and finding and judgment for appellee for $67 which included a recovery of $25, for the value of the services of appellee's attorney. The court overruled each appellant's motion for a new trial. It is claimed here that the evidence was insufficient, in fact and law, to support the decision.

It is urged here that the act of 1911 is void, at least as applied to appellants, because in conflict with §10, Art. 1 of the Federal Constitution, which prohibits the enactment of any state law impairing the obligation of a contract. We cannot concede such claim. Under the law as it existed previous to 1911, the householder was entitled to recover damages from his creditor who unlawfully deprived him of claiming his $600 statutory exemption, by assigning his claim for collection by foreign attachment and garnishment proceedings. *Markley* v. *Murphy* (1913), 180 Ind. 4, 102 N. E. 376, 47 L. R. A. (N. S.) 689, and authorities cited. When the credit was extended, and judgment rendered against appellee in Madison County in 1909, appellant Anderson, had no right, by virtue of any legal process, to have appellee's exempt property seized for sale for the satisfaction of his claim. No contractual right existent in 1909 has been impaired by the legislation of 1911. The judgment here is for damages resulting to appellee by a transaction that was violative of the criminal law of the State in 1909, as well as since the adoption of the act of 1911. It is true that since the taking effect of the act of 1911, one guilty of the acts here declared on may become further liable for plaintiff's attorney's fees, but it must be remembered that the wrongful acts here averred and proven were committed months after the act of 1911 was in full force. We are of the opinion that the prohibition of the Federal Constitution against laws impairing contractual obligations has no application to the facts in controversy. *Bishop* v. *Middleton* (1894), 43 Neb. 10, 61 N. W. 129, 26 L. R. A. 445; *Sweeney* v. *Hunter* (1891), 145 Pa. St. 363, 22 Atl. 653, 14 L. R. A. 594.

Appellants contend that the act of 1911, in so far at least as it provides for a recovery of damages, is void because in conflict with §19, Art. 4, of the Constitution of Indiana, which provides that "Every act shall

embrace but one subject and matters properly connected therewith.'' It is claimed that it embraces two distinct unrelated subjects—the amendment of a section of the criminal code, and the recovery of money in a civil action. We are constrained to hold that the provision for the recovery of a judgment in a civil action is a matter properly connected with the subject of the amendment of the criminal offense act, within the meaning of the above constitutional provision. It is further urged that the title of the act of 1911, is not broad enough to include the attorney's fee provision found in the body of the enactment. We are of the opinion that such contention is unwarranted.

Appellants also insist that the act is void because based on a classification that is purely arbitrary, in this, to wit, it purports to create a cause of action for damages including attorney's fees, against persons selling, transferring or assigning claims, for collection by attachment in a foreign jurisdiction, while no such right, at least as to attorney's fees, is given against those, equally guilty under the criminal provisions of the act, who send their claims into foreign jurisdiction for like purposes. Appellants overlook an obvious distinction between the two classes of law violators. Had appellant Anderson, instead of assigning his claim, sent it to West Virginia and there instituted attachment and garnishment proceedings, the courts of this State, in the exercise of their equity powers, might have enjoined him from further prosecuting his foreign proceeding. *Wilson* v. *Joseph* (1886), 107 Ind. 490, 8 N. E. 616, and authorities cited. Where the claim is assigned to a nonresident, of course our courts can acquire no jurisdiction over the person of such assignee, and the latter may, without restraint, enforce his claim in such foreign jurisdiction, though such action results in the deprivation of the Indiana debtor of his rights under our exemption statute, enacted in pursuance of our constitutional

mandate. *Markley* v. *Murphy, supra.* Without the provision permitting the recovery of attorney's fees, it is manifest that the wronged debtor, after being stripped of the fruits of his earnings, might find it difficult, and even impossible, to employ counsel to prosecute his cause of action for damages against the assignor, while no such difficulty would arise in the prosecution of an injunction suit against a resident of Indiana, who might send his claim to another state and there commence attachment and garnishment proceedings. The classification was not arbitrary; on the other hand it was reasonable within the meaning of our constitutional inhibitions against arbitrary classification. *Vandalia R. Co.* v. *Stillwell* (1914), *ante* 267, 104 N. E. 289, and authorities cited. The act of 1911 is valid as against all constitutional questions presented by appellants. *Hinds* v. *Sells* (1900), 63 Ohio St. 328, 58 N. E. 800.

Appellants claim that it is shown by the evidence that at the time of the assignment and pendency of the garnishment proceedings in West Virginia, appellee was the owner of property aside from the wages in controversy, of

5. a value in excess of the statutory exemption of $600, and consequently the decision is unsupported by sufficient evidence. Where such question is presented,

6. this court can consider only the evidence most favorable to appellee. Such evidence shows that appellee owned a house and lot in Elwood worth from $250 to $300, on which there was a mortgage of $92; there was some household furniture in the residence, but that was owned by appellee's wife, with whom he was then living; appellee also owned an undivided interest in some inherited real estate, which interest was of the value of $560. After deducting the wife's one-third interest in the real estate, free of the mortgage lien, the appellee's interest in the two pieces of real estate had a value of less than $600, after adding to such value the amount of wages due from the manufacturing

corporation. There is some evidence to sustain each material allegation of the complaint. There is no reversible error in the record. Judgment affirmed.

Erwin, J., absent.

Note.—Reported in 104 N. E. 754. As to when statutes are deemed to impair the obligation of contracts, see 79 Am. Dec. 495.