## ANDERSON ET AL. *v.* STATE OF INDIANA.

[No. 22,312.   Filed April 22, 1914.]

1. ATTACHMENT AND GARNISHMENT. — *Unlawful Assignment of Claim.—Validity of Statute.*—The act of March 1, 1911 (Acts 1911 p. 95, §2669 Burns 1914), against the assignment of claims for debt against citizens of the State for the purpose of collection by attachment and garnishment in another state, is not violative of either the Federal or State Constitution.   p. 503.

2. ATTACHMENT AND GARNISHMENT.—*Prosecution for Unlawful Assignment of Claim.—Affidavit.—Sufficiency.*—An affidavit in a prosecution for the violation of the penal provisions of the act of March 1, 1911 (Acts 1911 p. 95 §2669 Burns 1914), against the assignment of claims for debt against citizens of the State for the purpose of collection by attachment and garnishment in another state, is sufficient if it charges the offense in the language of the statute.   p. 503.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Prosecution by the State of Indiana against Grant Anderson and another. From a judgment of conviction, the defendants appeal. *Affirmed.*

*Lovett & Slaymaker* and *Richard F. Broadbent,* for appellants.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

Cox, J.—Appellants were tried on a charge preferred by affidavit of violating the penal provisions of the act of March 1, 1911 (Acts 1911 p. 95, §2669 Burns 1914), against sending claims for debt against citizens of this State out of the State for collection, by proceedings in attachment and garnishment. They were convicted and fined, and appeal. The assignments of error involve no question but the sufficiency of the count of the affidavit on which appellants were convicted.

For the most part, the objections to the validity of the affidavit reach beyond its allegations and are based on claims made by counsel for appellants that the statute creating the

offense violates numerous provisions of the Federal
Constitution and the Constitution of this State.

1. As against all of these objections the constitutional
validity of the act of 1911, *supra*, has been sustained. *Markley* v. *Murphy* (1913), 180 Ind. 4, 102 N. E. 376, 47 L. R. A.
(N. S.) 689, with cases collected in note. *Anderson* v.
*Knotts* (1914), *ante* 434, 104 N. E. 754. Some ob-

2. jections are raised to the sufficiency of the allegations
of the affidavit to charge the offense denounced by
the act. The offense is charged in the language of the statute and it belongs to that class which renders such a statement of the offense sufficient. *State* v. *Closser* (1913), 179
Ind. 230, 99 N. E. 1057, and cases there cited.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 974. As to when, in an indictment, the charge may be in the words of the statute, see 94 Am. Dec. 253.